FILED
MAY 2 0 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George A. Short<br>903 Larah Avenue<br>Takoma Park, MD 20912<br><br>Plaintiff,<br><br>v.<br><br>Michael Chertoff<br>U.S. Department of Homeland Security<br>Mail Stop 3000<br>Washington, D. C. 20528-5072<br><br>Defendant.<br><br>Serve:<br>Office of the General Counsel<br>U.S. Department of Homeland Security<br><br>Washington, D. C. 20528 - 5072<br><br>Alberto Gonzales<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br><br>Roscoe C. Howard, Jr.<br>Office of the United States Attorney for<br>The District of Columbia<br>555 4th Street, NW<br>Washington, DC 20530 | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ |

CASE NUMBER 1:05CV01034

JUDGE: Ricardo M. Urbina

DECK TYPE: Employment Discrimination

DATE STAMP: 05/20/2005

JURY ACTION

## PLAINTIFF'S ORIGINAL COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND WRONGFUL/CONSTRUCTIVE DISCHARGE

1

## A. Parties

1. **COMES NOW** Plaintiff, George A. Short, by and through her attorney C. Sukari Hardnett, for his complaint of constructive discharge and employment discrimination based on race, sex, age, color, and reprisal against Defendant, The Department of Homeland Security. Plaintiff is a fair complexioned, black male, over the age of forty, who was employed by the U.S. Department of Homeland Security. During his employment he was subjected to discriminatory actions which forced Plaintiff to retire.

2. Defendant, The Department of Homeland Security is an agency of the federal government and operates under the laws of United States. Service upon an agency of the United States shall be made by delivering or mailing a copy of the summons, complaint to the Office of the United States Attorney for the district in which the action is being brought, the Attorney General of U.S. in Washington, D.C. and to the agency. *Fed. R. Civ. P. 4 (i)*

## B. Jurisdiction

3. The court has jurisdiction over the lawsuit because this action for discrimination, arising under Title VII. *42 U.S.C. §2000e-2*, 29 CFR 1614.202, 29 CFR 1620, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq., including incorporated provisions of the Fair Labor Standards Act (FLSA), Title 29, U.S.C., §201 et seq., The D.C. Human Rights Act.

### C. Exhaustion of Administrative Procedures

4. The Plaintiff filed a formal complaint with the Equal Employment Office at the Department of Homeland Security (EEO), under charge numbers [(Agency Number HS 05-0388), (EEOC Case Number 100-2004-0002ox),(Component Numbers 03-NCR-WPS-GAS-2, 03-NCR-WP-GAS-14) and (GASNCR20020026)], in addition to an adverse action, charging the Defendant with discrimination. The EEO denied Plaintiff's request for relief stating that there was no evidence that supported a charge of discrimination.

### D. Count 1 - Discrimination Under Title VII

5. Plaintiff is an employee within the meaning of Title VII and belongs to classes protected under the statute, namely race and sex and age. *See 42 U.S.C. §2000e(f)* and *29 U.S.C. §623 et se.q*

6. Defendant is an employer within the meaning of Title VII. *42 U.S.C. §2000e(b)*

7. Defendant intentionally discriminated against Plaintiff based on his race and sex and age, in violation of Title VII by subjecting him to constant harassment, work conditions which were humiliating and by forcing him to retire before he was ready to retire.

8. The Defendant has further perpetuated this discriminatory treatment on Plaintiff by disapproving his leave request to accompany his wife to the hospital for emergency surgery. Additionally, when Plaintiff became ill, Defendant refused to accept Plaintiff's medical documentation for illness because Plaintiff returned to work two days earlier than the medical slip indicated he should be out sick. Since 1995, Plaintiff performed the duties of a Sergeant, but was never given the promotion or paid for the work that he performed as Sergeant. On February 13, 2003, Plaintiff learned that a younger female corporal was given a temporary promotion to Sergeant; the position was

never announced and there was no selection process. Plaintiff could not bid on the position, in which he had performed the duties for approximately eight years and for which he had never received pay at the sergeant pay grade. During his years as an employee of the Defendant, Plaintiff has only received "high level" performance ratings.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of race and sex-based discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

### E. Count 2 – Age Discrimination

9. Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623 et seq. and belongs to the class of employees protected under the statute, namely, employees over the age of 40 years. *See 29 U.S.C. §630(f)*

10. Defendant is an employer within the meaning of the ADEA. *29 U.S.C. §630(b)*

11. Defendant intentionally discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to conditions and terms of employment that were not enforced on younger employees. The Plaintiff was treated in a manner that was different from the younger employee.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $500,000 (five hundred thousand dollars), on the count of age-based discrimination pursuant to the ADEA and grant such further relief as this Court deems appropriate.

### F. Count 3 – Discrimination Under the Equal Pay Act

4

12. Plaintiff performed the duties of Sergeant for eight years and was never promoted to the position or paid at that grade pay. A younger female was promoted to the position and was paid at the higher grade pay. The younger female employee performed the same common core of task as Plaintiff had performed for eight years.

13. Plaintiff is an employee within the meaning of the Title VII and the EPA.

14. Defendant violated the Title VII and the EPA by intentionally discriminating against Plaintiff because of his gender. Defendant's discriminatory acts include, denial of promotion, denial of equal pay , or events surrounding the denial of Equal Pay. 29 CFR 1620.10 – 1620.11.

15. Defendant discriminated against Plaintiff by not posting the position which would have given Plaintiff an opportunity to apply for the position, by selecting a lesser qualified younger female for the position and by paying her a higher wage than Plaintiff when he performed the same common core of duties.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $500,000 (five hundred thousand dollars), on the count of discrimination, pursuant to the EPA and Title VII and grant such further relief as this Court deems appropriate.

### G. Count 4 - Constructive Discharge

16. Plaintiff at all times was an employee of the Department of Homeland Security.

17. That Plaintiff was constructively retired from the Federal Protective Service on February 3, 2005.

18. Plaintiff's retirement was the product of intolerable coercive actions by Defendant which demonstrated that the retirement was not voluntary.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $100,000 (one hundred thousand dollars) on the count of constructive discharge pursuant to Title VII and grant such further relief as this Court deems appropriate.

### H. Damages

19. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was denied a promotion and pay for work that he performed.
   b. Plaintiff was forced to resign because of the intolerable working conditions.
   c. Plaintiff suffered damage to his professional work history and reputation.
   d. Defendant's conduct was an intentional and willful violation of Title VII, the EPA and the ADEA.

### H. Attorney Fees

20. Plaintiff is entitled to an award of attorney fees and costs under Title VII, the EPA.

### I. Prayer

21. For these reasons, Plaintiff asks for judgment against the Defendant for the following:

   a. To receive back pay, future pay, interest and all damages that he is entitled to.

   b. To receive punitive damages as the Defendant's conduct was with malice.

   d. An award of attorney fees and costs.

   e. All other relief the court deems appropriate.

6

f. Jury Demand.

          Respectfully submitted,

          */s/ C. S. Hardnett*

          C. Sukari Hardnett, Esq. Bar # MD14840
          Counsel for Plaintiff
          Hardnett & Associates
          1010 Wayne Ave. Suite 210
          Silver Spring, MD 20910

          301-587-7001 (phone)
          301-587-7002 (fax)