UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE A. SHORT,<br><br>    Plaintiff<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-01034 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff failed to timely exhaust his administrative remedies with respect to his ADEA and Title VII claims.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over the Plaintiff's Equal Pay Act claim pursuant to the jurisdictional requirements of the Tucker Act, 28 US §1491 because the value of his claim exceeds $10,000.

### THIRD DEFENSE

The Plaintiff's Equal Pay Act claim is time-barred.

1

**FOURTH DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Defendant responds to the unnumbered and numbered paragraphs of the Complaint as follows:

A. Parties

1.  No response is required to the first sentence of paragraph 1.  The Defendant admits that Plaintiff is a black male over the age of 40 and that he was employed by the Department of Homeland Security.  The Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the Defendant is fair complexioned and so denies the same.  The Defendant denies the remainder of paragraph 1, and avers that the Plaintiff has failed to timely exhaust his administrative remedies with respect to any claim of constructive discharge.

2.  Defendant admits.

B.  Jurisdiction

3.  This paragraph contains plaintiff's conclusion of law concerning jurisdiction to which no response is required.  To the extent a response is deemed to be required, Defendant denies that the Court has jurisdiction over the Plaintiff's allegations under the Fair Labor Standards Act (FLSA), Title 29 USC §201 et seq or under the D.C. Human Rights Act.

C. Exhaustion of Administrative Procedures

4. Defendant admits that the Plaintiff filed formal complaints with the Department of Homeland Security's predecessor Agency, the General Services Administration, about some of the allegations set forth in his federal court complaint, and these were assigned Agency Case Nos. 03-NR-WPS-GAS-2, 03-NCR-WPS-GSA-14, and HS 05-0388. The Defendant admits that the EEOC granted the Agency's Motion for Summary Judgment on the accepted issues on December 15, 2004. Defendant denies the remainder of the allegations set forth in paragraph 4.

D. Count 1 – Discrimination Under Title VII

5. Defendant admits, except that age discrimination falls within the purview of the Age Discrimination in Employment Act, 29 USCA §621 et seq, not Title VII.

6. Defendant admits.

7. Defendant denies.

8. Defendant denies the allegations set forth in paragraph 8, except that a female Corporal, who was born on June 1, 1961, was temporarily promoted to the position of Sergeant from February 22, 2003 to June 22, 2003, without the utilization of formal competitive procedures. The Defendant avers that the Plaintiff failed to timely exhaust administrative remedies with respect to all allegations set forth in paragraph 8, with the exception of the allegation regarding the temporary promotion of a female Corporal in February of 2003.

The unnumbered sentence in paragraph D beginning "Wherefore"includes a request for relief, to which no response is required. To the extent a response is deemed to be required, Defendant denies.

### E. Count 2 -- Age Discrimination

9. Defendant admits.

10. Defendant admits.

11. Defendant denies.

The unnumbered sentence in paragraph E beginning "Wherefore" includes a request for relief to which no response is required. To the extent a response is deemed to be required, the Defendant asserts that no compensatory damages are available under the ADEA and that relief under the ADEA is subject to a cap.

### F. Count 3 -- Discrimination under the Equal Pay Act.

12. The Defendant denies the allegations set forth in paragraph 12. The Defendant avers that the Equal Pay Act, 29 USC §255, bars any action not filed within two years after a cause of action accrues.

13. Defendant admits.

14. Defendant denies.

15. Defendant denies. The Defendant further avers that a non-selection action cannot be brought under the Equal Pay Act.

The unnumbered sentence in paragraph F beginning "Wherefore" includes a request for relief to which no response is required. To the extent a response is required, the Defendant asserts that compensatory damages are not available under the EPA.

### G.  Count 4 – Constructive Discharge

16.  Defendant admits that Plaintiff was an employee of the Department of Homeland Security until he retired in February of 2005.

17.  Defendant admits that Plaintiff retired on February 3, 2005.  The Defendant denies that the Plaintiff was constructively retired, and further asserts that the Plaintiff failed to exhaust his administrative remedies with respect to any allegation of constructive discharge.

18.  Defendant denies the allegations set forth in paragraph 18, and further asserts that the Plaintiff failed to exhaust his administrative remedies with respect to any allegation of constructive discharge.

The unnumbered sentence in paragraph G beginning with "Wherefore" contains Plaintiff's request for relief to which no answer is required.

### H. Damages

19.  This paragraph contains Plaintiff's statement of damages to which no answer is required, but insofar as an answer is deemed necessary, Defendant denies that its actions caused Plaintiff injuries and damages

### H. (sic) Attorney Fees

20.  This paragraph contains Plaintiff's requests for relief to which no answer is required, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever.

I. Prayer

21. This paragraph contains Plaintiff's requests for relief to which no answer is required, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to the limitations set forth in 42 U.S.C. § 1981a, that punitive damages are not available to the Plaintiff in a lawsuit against the federal government, and that a jury trial is not available under the ADEA or the EPA.

Any allegation in Plaintiff's complaint not specifically admitted herein is denied.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

OF COUNSEL
KATHARINE JOHNSON