UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE A. SHORT,        ) | | |
| Plaintiff              ) | | |
| v.                      ) | Civil Action No.  05-01034  (RMU) | |
| MICHAEL CHERTOFF, SECRETARY ) UNITED STATES DEPARTMENT OF ) HOMELAND SECURITY,       ) | | |
| Defendant              ) | | |

**DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Defendant respectfully requests that the Court dismiss plaintiff's claim under the Equal Pay Act, in Count 3 of the Complaint, for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), and plaintiff's constructive discharge claim, Count 4, for failure to exhaust administrative remedies.

**Count 3–EPA Claim**

Count 3 of plaintiff's complaint claims violation of the Equal Pay Act ("EPA") and Title VII based on alleged gender discrimination.  Complaint at ¶ 12-15.  Plaintiff seeks judgment on Count 3 in the amount of $500,000.

This Court lacks jurisdiction over the EPA claim, and it should be dismissed.

The EPA prohibits employers from paying lower wages to employees of one sex for jobs requiring equivalent skill, effort and responsibility. 29 U.S.C. § 206(d). All EPA claims brought in district court must satisfy the jurisdictional requirements of 28 U.S.C. §§ 1491 (the "Tucker Act") and 1346(a)(2) (the "Little Tucker Act"). *Doe v. Dep't of Justice*, 753 F.2d 1092, 1101 (D.C.Cir.1985); *Weber v. Hurtgen*, 297 F.Supp.2d 58, 62 (D.D.C.2003). The Little Tucker Act

> confers concurrent jurisdiction in a federal district court and the Court of Federal Claims for non-tort civil actions against the United States for amounts not exceeding $10,000. 28 U.S.C. § 1346(a)(2). **For claims exceeding $10,000, however, jurisdiction lies exclusively with the Court of Federal Claims**. *Id.* at § 1491.

*Powell v. Castaneda*, 390 F.Supp.2d 1, 6 -7 (D.D.C.2005); *accord Hunter v. Rice*, 480 F.Supp.2d 125, 131 -132 (D.D.C.2007). Therefore the claim under the EPA should be dismissed.

### Count 3-EPA Claim Statute of Limitations

The plaintiff's complaint states that since 1995, he "performed the duties of a Sergeant but was never given the promotion or paid for the work he performed as Sergeant. On February 13, 2003, Plaintiff learned that a younger female corporal was given a temporary promotion to Sergeant. . . ." Complaint at ¶8. The plaintiff filed his complaint on May 20, 2005. The statute of limitations for an EPA claim is two years. Title 29 U.S.C.A. § 255 provides that

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], . . . .--
>
> (a) if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C.A. § 255. Therefore, the statute of limitations bars any claim under the EPA before May 20, 2003, or before May 20, 2002 for a willful violation.

### Count 4 – Constructive Discharge Claim

Count 4 of the Complaint claims that plaintiff was constructively discharged from the

Federal Protective Service on February 3, 2005.  Complaint at ¶ 17.  Plaintiff has failed to exhaust his administrative remedies concerning his constructive discharge claim, because plaintiff never contacted the EEO concerning constructive discharge.  See attached affidavit of Judy Maltby.

> A court does not have subject matter jurisdiction over a claim unless the plaintiff complies with Title VII's exhaustion requirement. *Fowler v. District of Columbia*, 122 F.Supp.2d 37, 39 (D.D.C.2000).

*Powell v. Castaneda*,  390 F.Supp.2d at 8, and

> Dismissal results when a plaintiff fails to exhaust administrative remedies. *Rann v. Chao*, 346 F.3d 192, 194-95 (D.C.Cir.2003) (affirming the trial court's dismissal of the plaintiff's ADEA claim for failure to exhaust administrative remedies); *Gillet v. King*, 931 F.Supp. 9, 12-13 (D.D.C.1996) (dismissing the plaintiff's Title VII claim because he failed to exhaust his administrative remedies).

*Id.*

Before filing an EEO complaint, an individual alleging discrimination or retaliation  must try to resolve the matter informally by contacting an EEO counselor within 45 days of the date on which the alleged discrimination occurred.  29 C.F.R. § 1614.105; *Williamson v. Shalala*, 992 F. Supp. 454 (D.D.C. 1998)(dismissing Title VII claims involving events that occurred nearly 2 and ½ months before plaintiff sought EEO counseling); *Aceto v. England*, 328 F. Supp. 2d 1 (D.D.C. 2004)(dismissal of claims where there was no contact with EEO Counselor within 45 days of the discriminatory actions and no contact at all with respect to 2 other counts.); *See also O'Neal v. Johnson*, 2003 U.S. Dist. LEXIS 13348 (D.D.C. July 17, 2003) (rejecting plaintiff's claims that he was unaware of the 45-day time limit, and dismissing discrimination complaint where contact with EEO counselor was untimely.)

In the instant case, plaintiff filed two complaints with the EEO. Maltby Dec. at ¶2. The first complaint was first filed in October of 2002 and was finally amended in February of 2003. The second complaint was filed in April 2003. *Id*. at ¶ 3-4.  On February 14, 2005, a final agency decision was issued concerning both cases. *Id.* at ¶6. Plaintiff voluntarily retired effective February 25, 2005. Short SF-50. There is no record of any complaints filed by plaintiff from April 2003 to April 13, 2007. *Id.* at ¶7 and signature line. "Plaintiff did not file any complaints alleging involuntary retirement or constructive discharge, with respect to his February 25, 2005 separation from federal service." *Id.*

Therefore, plaintiff failed to exhaust his administrative remedies as to his constructive discharge claim.

**Conclusion**

Plaintiff's claim under the EPA and his claim of constructive discharge should be dismissed.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530

202/514/6970