**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEORGE SHORT** )  | |
| ) | |
| Plaintiff, ) | CASE NO.   1:05-cv-01034-RMU |
| ) | |
| v. ) | |
| ) | |
| **MICHAEL CHERTOFF** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff GEORGE SHORT, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, files this Emergency Motion for Protective Order. In further support thereof, Plaintiff submits the accompanying Memorandum in Support of Plaintiff's Emergency Motion for Protective Order.

WHEREFORE, Plaintiff seeks that the Court grant Plaintiff's Emergency Motion for Protective Order and grant all such just and further relief as the Court deems just and proper.

                                            Respectfully submitted,
                                            GEORGE SHORT


                                            By:   /s/
                                                  Counsel

C. Sukari Hardnett, Esquire
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-7001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GEORGE SHORT** )  |   |
| ) | |
| Plaintiff, ) | CASE NO.  1:05-cv-01034-RMU |
| ) | |
| v. ) | |
| ) | |
| **MICHAEL CHERTOFF** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**EMERGENCY MOTION FOR PROTECTIVE ORDER**

Plaintiff GEORGE SHORT, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, submits this Memorandum in Support of Plaintiff's Emergency Motion for Protective Order and avers:

**I. BACKGROUND**

On June 6, 2007, Defendant contacted Plaintiff's counsel proposing dates to conduct Plaintiff's deposition. Plaintiff's counsel communicated to Defendant's counsel that she was not available on the dates proposed and provided the Defendant with a list of dates on which she was available. Since the proposed dates were after the discovery deadline (as Defendant's counsel had not sought to conduct depositions earlier), Plaintiff's counsel indicated that she would consent to a motion to extend the discovery deadline so that the parties could conduct depositions of the Plaintiff and of Defendant's agents and representatives. Defendant's counsel confirmed the dates on which Plaintiff's counsel indicated that she was available, indicated that the parties would also need to extend the dispositive motions deadline (to which Plaintiff's counsel agreed), and

Defendant's counsel indicated that she would get back to the Plaintiff regarding the proposed dates.

Then without further notice, that same day, Defendant's counsel issued a notice of deposition to depose the Plaintiff on June 13, 2007, a date on which Plaintiff's counsel indicated that she was not available due to a prior commitment.  Notably, in an apparent attempt to circumvent her obligation to confer and to provide reasonable notice, Defendant's counsel did not include a certificate of service certifying the date that she served the notice of deposition (a copy of Defendant's Notice of Deposition is attached as "Plaintiff's Exhibit A").

In a good faith attempt to resolve the dispute without court intervention, Plaintiff's counsel conferred with the Defendant orally and in writing, informing the Defendant that she was not available on the date that Defendant selected to conduct Plaintiff's deposition (a copy of Plaintiff's written notice is attached as "Plaintiff's Exhibit B").  Plaintiff's counsel expressed to Defendant's counsel that she is agreeable to extending the discovery deadline to facilitate depositions.  Nonetheless, Defendant's counsel refuses to withdraw her Notice of Deposition, demanding instead that the Plaintiff appear for depositions on June 13, 2007, although she has full knowledge that Plaintiff's counsel is unavailable on that date.  Defendant's counsel is not amenable to resolving this dispute without court intervention.  It is for these reasons that Plaintiff now files this emergency motion requesting that the Court issue a protective order to excuse Plaintiff's attendance at the deposition.

## II. ARGUMENT

Plaintiff has good cause for requesting a protective order. Plaintiff's counsel is not available on the date that Defendant selected to conduct Plaintiff's deposition, and she has expressed this fact to Defendant's counsel. Defendant's counsel has full knowledge that Plaintiff's counsel is not available on that date, yet she refuses to withdraw the notice of deposition that she issued, without conferring with Plaintiff's counsel, and despite her representations that she would check on her availability on one of the dates that Plaintiff's counsel provided and indicated she was available. This constitutes oppression and an undue burden on the Plaintiff. Therefore, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff seeks that the Court issue a protective order excusing Plaintiff's appearance at the deposition on June 13, 2007, for good cause. Plaintiff is forced to seek court intervention to resolve this dispute because Defendant's counsel refuses to otherwise resolve this dispute.

## III. CONCLUSION

Plaintiff seeks that the Court grant Plaintiff's Emergency Motion for Protective Order and grant all such just and further relief as the Court deems just and proper.

                                                Respectfully submitted,
                                                GEORGE SHORT

                                                By: ___/s/_____
                                                     Counsel

C. Sukari Hardnett, Esquire
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-7001

## CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE THIS DISPUTE WITHOUT COURT INTERVENTION

I hereby certify that I have in good faith conferred with the Defendant to resolve this dispute by written communication to the Defendant on June 10, 2007, and oral communications on June 11, 2007.  Despite these efforts, Defendant refuses to cooperate in resolving this dispute without court intervention.

                                                                           /s/
                                                   C. SUKARI HARDNETT, ESQ.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE SHORT** ) | |
| ) | |
|     Plaintiff, ) | CASE NO.  1:05-cv-01034-RMU |
| ) | |
| v. ) | |
| ) | |
| **MICHAEL CHERTOFF** ) | |
| ) | |
|     Defendant. ) | |
| ) | |

## **ORDER**

Having fully considered Plaintiff's Emergency Motion for Protective Order, any opposition thereto, and for good cause shown, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Emergency Motion for Protective Order is GRANTED.

 

RICHARD M. URBINA
United States District Court Judge