UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE A. SHORT, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-01034 (RMU) |
| ) | |
| MICHAEL CHERTOFF, SECRETARY ) | |
| UNITED STATES DEPARTMENT OF ) | |
| HOMELAND SECURITY, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
AND DEFENDANT'S MOTION TO COMPEL**

Defendant respectfully submits this opposition to plaintiff's motion for a protective order and requests that the Court compel the plaintiff to appear for deposition and to respond to defendant's Interrogatories and Request for Documents pursuant to F.R.Civ.P. 37.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE A. SHORT, </br></br>   Plaintiff </br></br> v. </br></br> MICHAEL CHERTOFF, SECRETARY UNITED STATES DEPARTMENT OF HOMELAND SECURITY, </br></br>   Defendant | ) </br> ) </br> ) </br> ) </br> ) </br> )   Civil Action No. 05-01034 (RMU) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND
IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Defendant respectfully submits this memorandum in opposition to plaintiff's motion for a protective order and in support of defendant's motion to compel.

As is explained below, this Court should deny plaintiff's request for a protective order and should compel plaintiff to respond to defendant's written discovery requests and to appear for deposition.

Although plaintiff's complaint was filed on May 20, 2005, plaintiff did not serve the defendant until over a year later, in June 2006. Docket entries 1, 2. Plaintiff's complaint arises from EEO complaints of relatively non-complex allegations of race, sex and age discrimination concerning non-promotion to a temporary acting supervisor position, non-selection for two out-

2

of-town security deployments, and a disciplinary suspension. Plaintiff also alleged constructive discharge.[1]

On November 6, 2006, following the initial scheduling hearing, the Court entered a Scheduling Order which closed discovery on June 22, 2007. Docket entry dated 11/06/2006.

On May 3, 2007, defendant served on plaintiff its first set of interrogatories and document requests. Ex A &B. A response was due within 30 days after service. F.R.Civ. P. 33, 34.

Between the scheduling conference and June 5, the parties had no contact except for a conversation concerning re-scheduling the settlement conference before the Magistrate Judge.

On June 5, 2007 at 10:43 AM, defendant sent plaintiff an e-mail which inquired:

Have you sent your responses to defendant's requests for discovery to me yet?

Ex.C. On June 5, 2007 at 2:18 PM, defendant sent plaintiff another e-mail which stated:

> Discovery closes on June 22, and I would like to schedule the plaintiff's deposition. Please let me know when you and your client can be available for a deposition between June 11-21.

Ex. D.

In oral conversation, plaintiff first said that the responses to the discovery requests had been sent. Then plaintiff stated that the discovery responses would be sent to defendant's counsel by the end of that week, i.e. June 8. Plaintiff's counsel also responded that she would be out of the office beginning on June 14, 2007, and was available for depositions and mediation on July 12, 13, 16, 19, 20, 30, 31, 2007. Plaintiff for the first time, notified defendant that she wanted to extend the discovery period. Plaintiff further stated that during this extended

---

[1] On June 6, 2007, defendant filed a motion for partial dismissal which requested that the constructive termination claim be dismissed for failure to exhaust administrative remedies. Docket entry 8.

discovery period she would require a Rule 30 (b)(6) witness, *inter alia*, to testify about the whole case --information she could have received through interrogatories and document requests which plaintiff has failed to serve on defendant.

On June 6, defendant advised plaintiff that defendant was not willing to consent to an extension of time to complete discovery. Ex. E. Defendant served on plaintiff a notice for deposition of the plaintiff on June 13, 2007. The notice was served on Wed., June 6, 2007, by messenger, by facsimile and e-mail. Ex. E & F.

On June 11, 2007, the discovery responses had not been delivered and defendant asked that plaintiff send them:

> When we spoke last week, we agreed that you would send to me the responses to defendant's discovery requests by the end of last week. The response to our discovery requests has not arrived. Please e-mail or fax them to me today. My fax number is 202-514-8780. I need the documents so that I can review them before the deposition of your client on June 13.

Ex.G.

Plaintiff responded by e-mailing a copy of a letter dated Sunday, June 10 (four days after the notice of deposition was served), stating that she was not available to do the deposition on June 13 and alleging that she had informed defendant's counsel of that on June 6. Ex H. Defendant responded:

> In our conversation you stated that you would not be available for deposition following June 14 and suggested dates in July. Those dates are beyond the cut off for discovery. As I advised you, my client will not consent to an extension of discovery. Pursuant to the local rules notice of depositions is reasonable with service 5 days in advance of the date set for deposition.

Ex.G. Defendant also faxed to plaintiff a letter requesting the written discovery responses, and advising that defendant would be forced to seek action from the Court should plaintiff fail to respond. Ex I.

In conversation on June 12, defendant's counsel advised that it would be amenable to scheduling another day for the deposition of plaintiff, but that defendant is not amenable to consent to an extension which would reopen discovery due to plaintiff's failure to make any discovery requests and failure to notice any depositions.

Plaintiff has not yet responded to defendant's discovery requests. As of the afternoon of June 12, 2007, plaintiff's attorney stated that the responses will be submitted by the end of this week. However, plaintiff's counsel also has stated that she will be out of town beginning June 14.

Since the issuance of the Scheduling Order, plaintiff has served no discovery requests, and failed to respond to defendant's interrogatories and document requests. Although plaintiff advised defendant's counsel on June 5, 2007, that she would be out of her office and unavailable from June 14 until the middle of July, plaintiff before that time did not contact defendant to consult about any extension of time for completion of discovery or for the submission of the discovery responses.

Pursuant to Federal Rule of Civil Procedure 26(d), a party may seek discovery following a 26(f) conference. See Fed. R. Civ. P. 26(d). Thus, plaintiff was authorized by the Rules to seek discovery from defendant as early as November 7, 2006. Between that date and the filing of this opposition, defendant has received no discovery requests or notices of deposition from plaintiff. Plaintiff is dilatory in responding to defendant's written discovery requests. When asked to

schedule the deposition of plaintiff, counsel's only response has been that she is unavailable until mid- July.  At first counsel stated that she was going on vacation with her family starting June 14.  This week she stated that she is only going to be away for about a week, but is unavailable when she returns.  Her position is

> If you wish to conduct the deposition of the Plaintiff then . . .we will have to file a consent motion to extend the discovery deadlines to conduct the deposition on one of the dates that I informed you on which I am available.  I also intend to conduct depositions of your client's 30(b)(6) designee and other agents and representatives.

Ex. H.  It appears to defendant that plaintiff, using dilatory tactics,  is attempting to force defendant to agree to consent to an extension of the discovery deadline.

Pursuant to Federal Rule of Civil Procedure 6(b), this Court has the discretion to extend the discovery period for "cause shown."  Fed. R. Civ. P. 6(b).  However, as explained by Judge Kollar-Kotelly in another discovery situation, the District Court should extend the discovery deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension." Dag Enterprises, Inc. v. Exxon Mobil Corp., 226 F.R.D. 95, 105 (D.D.C. 2005) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed.1990) ("Good cause" "require[s] the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.").  "If [the party seeking to extend the discovery deadline] is not diligent, the inquiry should end." Dag Enters., 226 F.R.D. at 105.

Defendant is willing to depose the plaintiff in the evening or on a weekend, as well as during business hours, and can conference plaintiff's counsel in on the telephone.  Defendant expects that the deposition of the plaintiff would take less than four hours.

Defendant therefore asks the Court to compel the plaintiff to respond to defendant's written discovery requests and to compel the plaintiff to appear for deposition prior to the end of discovery, or as soon as possible thereafter[2] as directed by the Court.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

---

[2] The parties currently are scheduled to appear for a status conference in this matter on June 28, 2007 at 10 a.m.

CERTIFICATE OF GOOD FAITH ATTEMPT TO
RESOLVE DISCOVERY DISPUTE WITHOUT COURT INTERVENTION

I hereby certify that I have attempted to resolve the above described discovery matters in good faith through both oral and written communication with plaintiff's counsel.

_____/s_____
Rhonda C. Fields