IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE SHORT** )<br>)<br>Plaintiff,          )<br>)<br>v.                      )<br>)<br>**MICHAEL CHERTOFF SECRETARY** )<br>**US DEPARTMENT OF HOMELAND SECURITY** )<br>)<br>Defendant.      )<br>) | CASE NO. 1:05-CV-01034-RMU |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR PARTIAL DISMISSAL**

Plaintiff GEORGE SHORT, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, submits Plaintiff's Opposition to Defendant's Motion for Partial Dismissal and avers:

**I. ARGUMENT**

Plaintiff has cognizable claims for Constructive Discharge and for violations of the Equal Pay Act ("EPA"). Plaintiff's constructive discharge claim arises out of the same misconduct that was the subject of Plaintiff's EEOC administrative filings. Additionally, the court has subject matter jurisdiction over Plaintiff's EPA claims, for Plaintiff alleges that Defendant engaged in a willful violation of the EPA that entitles him to seek damages for three years prior to the date that he filed this action. These damages do not exceed the limits for concurrent jurisdiction in this court. Accordingly, it is for these reasons, as more fully detailed herein, that Defendant's Motion to Dismiss for Lack of Jurisdiction should be denied.

A. **PLAINTIFF HAS A COGNIZABLE CLAIM FOR CONSTRUCTIVE DISCHARGE BASED UPON THE MISCONDUCT THAT WAS THE SUBJECT OF HIS EEOC CHARGES:**

On October 2002, Plaintiff filed his EEOC Charge to challenge Defendant's discrimination and misconduct. On April 2003, Plaintiff filed a second charge to challenge the denial of a promotion and discriminatory misconduct. On February 14, 2005, the EEOC issued its Final Agency Decision denying Plaintiff's discrimination charge. On February 25, 2005, eleven days later, Plaintiff was constructively discharged because of the same misconduct that was detailed in his EEOC charges. *See* Affidavit of Plaintiff George Short (attached as "Plaintiff's Exhibit A").

Defendant alleges that the Plaintiff cannot bring a claim for constructive discharge in this legal action ostensibly because he did not file a charge after the date that he was constructively discharged. However, a party can bring a legal action based upon claims that are not expressly raised in an EEOC charge, when the claims would naturally have arisen from an investigation of the administrative complaint. *See Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). Plaintiff's constructive discharge claims arises out of the same misconduct that Plaintiff challenged in his EEOC charge and would have naturally arisen from an investigation of his administrative charge.

The EEOC denied Plaintiff's charge just eleven days before the Plaintiff was constructively discharged, so it would make little sense for the Plaintiff to file another charge after the EEOC had already ruled that the misconduct that Plaintiff challenged did not constitute discrimination. Defendant's allegations that Plaintiff failed to exhaust his administrative remedies are without merit. Plaintiff's constructive discharge claims are properly before this court as the claims would have naturally arisen from an investigation of the administrative charge, and they are based upon the same conduct that the Plaintiff challenged in his administrative charges. The fact that the misconduct gave rise to additional damages does not mean that the Plaintiff had to file another EEOC charge in order to pursue the claims in this action.

B.  **PLAINTIFF'S EPA CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS AND THE AMOUNTS THAT PLAINTIFF SEEKS ON HIS EQUAL PAY ACT CLAIM DO NOT EXCEED THE JURISDCITIONAL LIMTS OF THIS COURT:**

Plaintiff seeks damages on his EPA claims calculated in the amount of difference in wages that was paid to the employee that was selected for the position for which the Defendant wrongfully failed to promote the Plaintiff.  *See* Plaintiff's Exhibit A.  Plaintiff alleges that the Defendant acted willfully.  *See Id.*  Plaintiff therefore is entitled to seek damages from May 20, 2003, which is three years preceding the filing of his Complaint.  *See* 29 U.S.C.A. § 255(a).  Based upon Plaintiff's understanding of the wage difference, through the date of his constructive discharge, this amounts to less than Ten Thousand Dollars ($10,000.00).  *See* Plaintiff's Exhibit A.  Thus, Defendant's assertions that Plaintiff's claims are time barred and that they exceed the jurisdictional limits of the court are without merit.

## II. CONCLUSION

Plaintiff respectfully requests that this court deny Defendant's Motion for Partial Dismissal and grant all such just and further relief as the court deems just and proper.

> Respectfully submitted,
> GEORGE SHORT
>
> By:   /s/
>         Counsel

C. Sukari Hardnett
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, MD 20910
Tel: (301) 587-7001