UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE A. SHORT,<br><br>      Plaintiff<br><br>    v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>      Defendant | Civil Action No. 05-01034 (RMU) |

STATEMENT OF MATERIAL FACTS

Defendant respectfully submits this statement of material facts as to which there is no genuine issue.[1]

**Buffalo Deployment**

1    Plaintiff was employed by the Federal Protective Service as a Federal Police Officer. ROI-2 at Ex. 1, Formal Complaint at p. 1.

2    Plaintiff was not selected for the Buffalo, New York deployment on September 18, 2002. ROI-2 at Ex 5, Short May 1, 2003 aff. at p. 1.

3    Officers from the day shift were selected for the deployment. Poston Dec. at ¶4-7.

4    Plaintiff's duty shift was 3 p.m. to 11 p.m. Short Depo at p. 73.

**Kentucky Derby Deployment**

5    Plaintiff was not contacted concerning the deployment to the Kentucky Derby. ROI-2 at Ex. 5B, Short July 29, 2003 Affidavit.

---

[1] Defendant demonstrates in its motion for summary judgment that plaintiff has failed to present evidence of essential elements of his claims, and thus, has failed to establish a prima facie case. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

**Suspension from Duty from October 22, 2002 to November 20, 2002**

6\. FPS Deputy Director Dean Hunter, issued a letter dated August 29, 2002 addressed to plaintiff which was a notice of a proposal to suspend plaintiff for 30 days. ROI-2 at Ex. 41, August 29, 2002 ltr.

7\. The August 29, 2002 notice stated ". . .we propose to suspend you from duty and pay for a period not to exceed (30) working days." ROI-2 at Ex. 41, at p. 1. The notice advised "From the date you receive this letter you will have 15 days to reply. Your answer may be made in person, or in writing or both. You may submit affidavits in support of your answer, and an attorney or other representative may represent you." *Id*. at p. 3. The notice gave the address to which plaintiff's reply could be mailed and also gave a telephone number to call to make an appointment should plaintiff wish to make an oral response. *Id*.

8\. Deputy Director Hunter stated in the letter

> in proposing a 30-day suspension, I considered as aggravating factors your position as a Lead Police Officer and Acting Supervisor, and the seriousness of your offenses. As a Lead Police Officer you are expected to set the example for your subordinates, follow the directions you are given, and enforce laws and regulations. Releasing a suspect who has violated D.C. law and may present a danger to persons or property, despite your supervisor's repeated instructions to the contrary, is a serious offense. Calling your supervisor derogatory, offensive names in the presence of a subordinate officer is intolerable. Being AWOL on July 4th when all police officers were needed to work in order to respond to potential terrorist threats is unacceptable.

*Id*. at p. 3. Plaintiff was given 15 days to reply to the August 29th Notice, and was told to make his reply to the Director of the Federal Protective Service. *Id*.

9\. Plaintiff was maintained on active duty status until a final decision was made. *Id*.

10\. Plaintiff made no reply to the August 29th Notice of proposed suspension, and by letter dated October 15, 2002, the Director of the Federal Protective Service suspended plaintiff from duty and pay from October 22, 2002 until November 20, 2002. ROI-2 at Ex. 27, Oct. 15, 2002 letter. The letter advised: "Up to the date of this letter, you have not responded to the proposal [to suspend]. Therefore, we find that the reasons for taking this action are sustained."

*Id*.

11    Plaintiff admits that he got a direct order from his supervisor to arrest a suspect. Short Depo at p.47-48, 147-148. Plaintiff admits that he disobeyed his supervisor's instruction to arrest the individual. *Id*. at p. 101-102.

12    Plaintiff admits that he called his supervisor "a dumb black nigger." Short Depo at p. 102.

**Alleged Continuous Retaliation and Harassment from November 21, 2002, Through January 1, 2003, Regarding Weapon, Work Assignments, Vehicle, Denial of Leave, and Missing Supplies**.

13    When plaintiff returned from his suspension, November 21, 2002, his pistol was not in the safe, and he worked in the office. Short Depo. at Ex. 4 ¶ 1.

14    November 22, 2002, plaintiff was issued his weapon; he was assigned a spare vehicle and was not given the equipment and supplies that were in his former vehicle. *Id* at ¶ 3.

15    November 26, 2002, plaintiff was assigned vehicle # 981, but he did not drive it home. *Id*. at ¶3.

16    November 27, 2002, plaintiff signed for vehicle #981. *Id.* at ¶4.

17    December 3, 2002, plaintiff was given his equipment and supplies by Demiko Suggs, but plaintiff found that two computer speakers, a power inverter and vehicle cleaning supplies were missing. *Id.* at ¶6.

18    December 5, 2002, FPO Parry gave plaintiff a box with all the missing supplies, except for some window cleaner, Armour All and dust mop. *Id*. at ¶8, & Short Depo. at p. 44.

19    Lt. Thomas denied plaintiff's request for leave for December 25 but approved his request for December 24, 2002, and plaintiff chose not to take the approved leave. Short Depo. at Ex. 4 ¶ 9.

20    Plaintiff's leave request for January 1, 2003 was denied, but his request for December 31, 2002 was approved. *Id*. at ¶10.

**COMPLAINT 2: Temporary Promotion to Sergeant**

21 In about January 2003, Maybelle Hallman recommended that Lead Police Officer Cassandra Talley be selected to be a member of a newly established Homeland Security unit. ROI-14 at Ex.5C, Hallman Aff at ¶2.

22 Officer Talley's Forms 50 reflect that effective February 23, 2003, Officer Talley received a 120 day temporary promotion to the position Supervisory Police Officer.  ROI-14 at Ex 9,  Forms 50 effective date 2-23-03 & 3-09-03 (Promotion NTE 22-Jun-2003) and that for the 120 day period, the temporary promotion raised the rate of Ms. Talley's total yearly adjusted basic pay to $55,857 and  total yearly salary to $61, 443.   ROI-14 at Ex 9.

23 Plaintiff's Forms 50 reflect that effective January 12, 2003, the rate of plaintiff's total yearly adjusted basic pay was  $58,937 and salary was $64, 832.  ROI-14 at Ex 8, Forms 50 effective date 1-12-2003 & 3-9-03.

**Constructive Discharge**

24 Plaintiff never contacted the EEO concerning constructive discharge.  *See* Judy Maltby Dec.  There is no record of any complaints filed by plaintiff from April 2003 to April 13, 2007.  *Id.* at ¶7 and signature line.   "Plaintiff did not file any complaints alleging involuntary

retirement or constructive discharge, with respect to his February 25, 2005 separation from federal service." *Id.*

                                                Respectfully submitted,

                                                _____/s/_____
                                                JEFFREY A. TAYLOR, D.C. Bar #498610
                                                United States Attorney

                                                _____/s/_____
                                                RUDOLPH  CONTRERAS, D.C. Bar #434122
                                                Assistant United States Attorney

                                                _____/s/_____
                                                RHONDA C. FIELDS
                                                Assistant United States Attorney
                                                Civil Division
                                                555 Fourth Street, N.W.
                                                Washington, D.C.  20530
                                                202/514/6970