UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE A. SHORT,**<br><br>**Plaintiff**<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>Defendant | Civil Action No. 05-01034 (RMU) |

DECLARATION OF WEBB MITCHELL

I, Webb Mitchell, hereby declare and state:

1. I have been employed in the Federal Protective Service (FPS) since May 24, 1971, and I have held the rank of Captain since February 11, 1990. I was the Captain supervising the 3pm to 11 pm shift that Cpl. George Short was on in 2002 and 2003.

2. On August 29, 2002, I personally delivered to George Short a letter dated August 29, 2002. The letter was a notice of proposed action, a 30-days suspension, signed by Dean S. Hunter, Deputy Director. When I delivered the letter to Mr. Short, I requested that he sign an "Acknowledgment Copy" of the letter. Mr. Short refused to sign the Acknowledgment Copy. I noted his refusal to sign on the top right of the first page of the document noting the date and time of delivery, 8-29-02 at 1837 hours. See attachment A.

3. I never told Lieutenant Reginald Thomas in 2001, 2002, or at any other time, that George Short had made a complaint to me or had told me that Lt. Thomas was sexually harassing Mr. Short, or had made a complaint that Lt. Thomas was touching him in an inappropriate manner.

4. I have no memory of George Short having ever made allegations of such a nature to me concerning Lt. Thomas. If George Short had made such allegations, I would remember it and I would have taken appropriate action to have such allegations investigated and acted upon.

5. The Federal Protective Service conducts its law enforcement functions 24 hours a day every day of the year. As with all police departments, such as the District of Columbia Metropolitan Police (MPD), FPS Officers regularly have to work during holiday periods. In 2002/2003, absent exceptional circumstances such as demonstrations, raising of the security alert status, etc., it was my policy that leave for holiday periods was allowed in the same manner that leave for weekends was treated, based on who applied first. Senior personnel were not supposed to be given any preference solely due to their seniority.

6. During the months of February and March 2003, I did not request that Cpl. Short be put on a 120-day detail as an acting supervisor. I could not have justified asking to put any Corporal on such a detail beginning during that time period, because I had sufficient staffing by the ~~Sergeants~~ SUPERVISORS [initialed] on the shift.

7. Isaac Jackson and Maurice Williams were not on my shift and were not supervised by me. I was not involved in their receiving 120-day details to acting supervisory positions. Cpl. Short would not have been eligible for a 120-day detail on another shift in February/March 2003,

2

unless he had been detailed to another shift. He was not detailed to another shift during that time period.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On September __18__, 2007.

_____ 9/18/07
Webb Mitchell