# FORMAL COMPLAINT OF DISCRIMINATION
*(Read information on the back of Copy 3 carefully before completing this form.)*

NOTE: IF YOU WISH TO FILE A FORMAL COMPLAINT OF DISCRIMINATION BASED ON RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, HANDICAP, OR REPRISAL; COMPLETE THIS FORM.

## 1. COMPLAINANT INFORMATION

**a. NAME (Last, First, MI):** Short, George Albert

**b. HOME ADDRESS (Street, City, State, ZIP Code):** 903 Larch Ave., Takoma Park, Md. 20912

**c. HOME TELEPHONE NUMBER:** (301) 270-6482

**d. SOCIAL SECURITY NUMBER:** 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

## 2. EMPLOYMENT INFORMATION

**a. TYPE (Check one):** [X] GSA  [ ] FEDERAL  [ ] FORMER GSA  [ ] NON-FEDERAL

**b. NAME OF PROGRAM OFFICE:** Federal Protective Service

**c. OFFICE ADDRESS (Street, City, State, ZIP Code):** Bldg. 74 Suite 110, 3rd + M St. S.E., Wash. D.C. 20407

**d. OFFICE TELEPHONE NO.:** ( )

## 3. POSITION TITLE/SERIES/GRADE
Federal Police Officer (Cpl.) GS-9-9

## 4. CHECK BASIS(ES) YOU BELIEVE CAUSED THE DISCRIMINATION

[X] a. RACE (State type): Black
[X] b. COLOR (State type): Fair Skinned
[ ] c. RELIGION (State type):
[ ] d. NATIONAL ORIGIN (State type):
[ ] e. SEX (Check appropriate boxes): [ ] FEMALE  [ ] MALE  [ ] EQUAL PAY  [X] ~~SEXUAL~~ HARASSMENT
[ ] f. HANDICAP: [ ] PHYSICAL (State type below)  [ ] MENTAL (State type below)
[ ] g. AGE (State years):
DATE OF BIRTH:
[ ] k. REPRISAL

## 5. DESCRIPTION OF DISCRIMINATION
(Explain, briefly, how you believe you were discriminated against (that is, treated differently from other employees or applicants because of race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal). If your complaint involves more than one allegation of discrimination: (1) list each ...tion; (2) provide the date(s) of alleged discriminatory act(s); and (3) furnish specific factual information in support of each. Use additional blank sheets of paper, if necessary.

(See Attachment)

**6a. NAME OF EEO COUNSELOR:** Ella Butler
**6b. TELEPHONE NUMBER:** (301) 907-0127

## 7. REPRESENTATION
**a. NAME OF REPRESENTATIVE:**
**b. TITLE (Attorney, Union, etc.):**
**c. TELEPHONE NUMBER:** ( )
**d. ADDRESS (Street, City, State, ZIP Code):**

## 8. STATE REMEDY SOUGHT IN THIS COMPLAINT
Time And Leaves For Suspension, Drop All Charges, Cash For Deployment Max. Allowed

**9a. SIGNATURE OF COMPLAINANT:** George A. Short
**9b. DATE:** Oct. 23, 2002

**EXHIBIT** ROI-2 / 1

---
### DO NOT WRITE BELOW THIS LINE (For Agency Use Only)

**AGENCY DOCKET NUMBER:** 03-NCR-WBGAS-2

**NAME OF COMPLAINANT:** George A. Short

**SIGNATURE OF RECEIVING OFFICIAL:** Kimberly R. Davis - EEO Assistant

**DELIVERED BY (Check one):** [ ] MAIL (Include date of postmark)  [X] HAND DELIVERY  [ ] OTHER (Specify)

**DATE OF DELIVERY:** 10-23-02

**DATE:** 10-23-02

GENERAL SERVICES ADMINISTRATION  1. REGIONAL EEO OFFICE  GSA FORM 3467 (Rev. 8-93)

I was unfairly treated and discriminated against by Dean Hunter FPS Deputy Director, Lt Reginald Thomas, and FPS Police Bureau Mgt: 1. when I was not selected by FPS Police Mgt. for the Buffalo New York deployment on September 18, 2002. Also I was denied offsite deployment for the past 2 years.

2. I was unfairly issued (3) records of infractions by my supervisor Lt. Thomas for:
   a. Failure to follow instructions
   b. Disrespectful behavior toward a supervisor
   c. Absent without leave (AWOL)

3. I was unfairly issued a notice of proposed action (Suspension) from duty and pay for a period not to exceed thirty (30) days, dated August 29, 2002 by Director Dean Hunter.

4. My age and race were used against me in a negative way.

*George A. Short*
*George A. Short*

I was unfairly treated and discriminated against by Dean Hunter FPS Deputy Director, Lt Reginald Thomas, and FPS Police Bureau Mgt: 1. when I was not selected by FPS Police Mgt. for the Buffalo New York deployment on September 18, 2002. Also I was denied offsite deployment for the past 2 years.

2. I was unfairly issued (3) records of infractions by my supervisor Lt. Thomas for:
   a. Failure to follow instructions  JUNE 18, 2002
   b. Disrespectful behavior toward a supervisor  JUNE 18, 2002
   c. Absent without leave (AWOL)  JULY 18, 2002

3. I was unfairly issued a notice of proposed action (Suspension) from duty and pay for a period not to exceed thirty (30) days, dated August 29, 2002 by Director Dean Hunter.

4. My age and race were used against me in a negative way.

*George A. Short*
George A. Short



GSA National Capital Region

October 28, 2002

<u>Certified Mail</u>
<u>Return Receipt Requested</u>

Mr. George A. Short
903 Larah Avenue
Takoma Park, Maryland  20912

**Ref:  GSA Case Number 03-NCR-WPS-GAS-2**

Dear Mr. Short:

This notice **acknowledges receipt** of your discrimination complaint, which was dated, hand delivered and deemed filed on October 23, 2002, to the Equal Employment Opportunity (EEO) Office, General Services Administration (GSA), National Capital Region, Washington, DC.  This notice also provides you with written notice of your rights and time requirement for exercising those rights.

On September 19, 2002, you initiated your informal complaint with the EEO Office.  Your case was forwarded to an EEO counselor to conduct an informal inquiry and attempt informal resolution of your claims.  The counselor was unable to resolve your complaint and issued you the Notice of Final Interview/Notice of Right to File a Discrimination Complaint on October 8, 2002.  You filed your formal complaint on October 23, 2002.

Based on a thorough review of your formal complaint and the EEO Counselor's Report, it has been determined that this complaint will be **Partially Accepted and Partially Dismissed**.  A copy of the counselor's report is enclosed.

The following claim(s) is **Accepted** for formal investigation.

Your claim that you were discriminated against because of your race (Black), color (fair skinned), and age (59 years-DOB:4/1/43) [Age was provided in your attachment, but not checked on the formal complaint form 3467], when you were not selected by FPS Police management for the Buffalo, New York deployment on September 18, 2002.

If you believe the accepted claim in your complaint has not been correctly identified, please notify me, in writing, within five calendar days after your receipt of this letter, specifying why you believe that the claim has not been correctly identified.  If no

**U.S. General Services Administration**
301 7th Street, SW
Washington, DC  20407-0001
www.gsa.gov

2

response is received from you within the specified timeframe, the accepted claim(s) will be forwarded for formal investigation.

The following claims are **Dismissed** for formal investigation.

    1. Your claim that you were discriminated against because of your race (Black), color (fair skinned), and age (59), when you were issued three records of infractions by your supervisor, Lt. Thomas. The three incidents are listed below.

- On June 18, 2002, Failure to follow instructions.
- On June 18, 2002, Disrespectful behavior toward a supervisor.
- On July 18, 2002, Absent without leave (AWOL).

    2. Your claim that you were discriminated against because of your race (Black), color (fair skinned) and age (59), when on August 29, 2002, you were issued a notice of proposed action to suspend you from duty and pay.

## Analysis

Title 29 Code of Federal Regulations (CFR), Part 1614.105 Pre-complaint processing, states in part...

    "(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

    (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

Also, Title 29 Code of Federal Operations, Part 1614.107 Dismissal of complaints states in part...

    "(a) Prior to a request for a hearing in a case, the agency shall dismiss an entire complaint:

    (2) That fails to comply with the applicable time limits contained in 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor...

    ...(5) That is moot or alleges that a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory..."

3

(b) Where the agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file. A determination under this paragraph is reviewable by an administrative judge if a hearing is requested on the remainder of the complaint, but is not appealable until final action is taken on the remainder of the complaint.

You stated to the Counselor that you did not request to see an EEO Counselor within 45 days of the incidents that occurred on June 18, 2002 and July 18, 2002, because you did not consider the actions discriminatory at that time.

The first claim identified for dismissal above, which occurred from June 18, 2002 to July 18, 2002, is dismissed for **Untimely Counseling Contact** in that you did not bring these claims to the attention of an EEO Counselor in a timely manner. **This claims fails to comply with the applicable time limits contained in 1614.105(a)(1).**

The second claim identified for dismissal is dismissed in that it is a **proposal to take a personnel action, or other preliminary step to taking a personnel action**.

There is no immediate right to appeal a partial dismissal of a complaint. An Administrative Judge shall review the dismissal determination if you request a hearing on the remainder of the complaint, but you may not appeal the dismissal until a final action is taken by the agency on the remainder of the complaint.

Voluntary attempts to settle your complaint can be made throughout the administrative process. If a settlement of the complaint is reached, the terms of the settlement will be stated in writing and you will be given a copy.

Pursuant to 29 CFR Part 1614, the agency has 180 calendar days to complete the investigation (from the date of filing a formal complaint) or to issue the Notice of Final Action on the complaint.

Upon completion of the investigation, you will have the right to request a final agency decision with or without a hearing. If you request a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ), you must notify Ms. Avis B. Johnson, EEO Director, in writing, within 30 calendar days of receipt of the notice. Within 60 calendar days of receiving the findings and conclusion of the AJ, the agency will issue the final decision.

4

If you request a hearing, you are expected to proceed without delay in presenting your complaint before the assigned EEOC AJ.

Therefore, if you plan to have a representative, you should immediately obtain representation and you should also begin preparing a list of proposed witnesses, with a summary of the testimony you believe each will present at the hearing. The AJ will request this list after being assigned your case.

Failure to prosecute your complaint in a timely fashion may be grounds for the AJ to return your case to the agency. The agency will issue a final decision based on the evidence presented in your investigative and complaint file.

However, if you request an immediate final decision to be rendered on the merits of each allegation contained in your complaint based on the investigative file, the head of the agency, or his designee, will render a decision without a hearing. A request for a final decision without a hearing must be made to Ms. Avis B. Johnson, EEO Officer, **within 30 calendar days from the day you receive the notice of final action.**

In the absence of any response from you, upon the expiration of the 30-day notice period as to your options to a decision with or without a hearing, the agency will, within 60 calendar days, issue a final decision.

In the event that GSA has not issued a notice of final action within 180 days from the filing of your complaint, you may request a hearing at any time.

If your complaint is dismissed, you will receive a final decision on the complaint or that portion of the complaint, which is dismissed. The letter dismissing your complaint will delineate your rights of appeal.

If you are dissatisfied with the final decision with or without a hearing, you may appeal to the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received by the Commission **within 30 calendar days from the day you receive the final decision.** The 30-day period for filing a Notice of Appeal begins to run on the day after you receive the final decision.

However, if an attorney represents you, the 30-day timeframe begins to run on the day after your attorney receives the final decision. Any statement or brief in support of an appeal may be submitted to the Commission, with copies to the agency, **within 30 calendar days from the date the appeal is filed.** You must certify the date and method by which service was made on the agency regarding any appeal filed with the Commission.

Appeals must be filed on the EEOC Form 573(REV 4-92), and must indicate what it is you are appealing and why. The EEOC Form 573 will be forwarded with the notice of

5

final action on your complaint. In addition, appeals to the Commission should be forwarded to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, 1801 L Street, NW, Washington, DC 20036.

In addition, with respect to claims filed under Title VII, you may file a civil action in the appropriate Federal District Court in any of the following situations:

   a. Instead of appealing GSA's final decision to the EEOC, you may file a civil action in an appropriate United States District Court. If you choose to file a civil action, you must do so <u>within 90 calendar days from the day you receive the final decision.</u>

   b. If you appeal GSA's final decision to the EEOC and the EEOC renders a decision on your appeal, you may appeal the EEOC decision by filing a civil action <u>within 90 calendar days from the day you receive the EEOC decision on your appeal.</u>

   c. If GSA has not issued a final decision after 180 days have elapsed from the date you filed your formal complaint, you may file a civil action.

   d. If the EEOC has not issued a decision on your appeal within 180 calendar days from the date of filing the appeal.

   e. On complaints alleging violations of the Equal Pay Act, the time limit for filing a civil action is as follows, regardless of whether you pursued any administrative complaint processing:

      (1) Within two years of the date of the alleged violation, or,

      (2) If the violation is willful, within three years of the date of the alleged violation.

If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30-day time limit for filing suit and in such form and manner as the court may require.

6

Please note that if you file a civil action, you must name the appropriate agency head as the defendant. Failure to name the head of the agency may result in loss of any judicial redress to which you may be entitled. The current agency head of the General Services Administration is the Honorable Stephen A. Perry, Administrator.

Sincerely,

*Avis B. Johnson*

Avis B. Johnson
EEO Officer

Enclosure



GSA National Capital Region

November 8, 2000

MEMORANDUM TO ALL AGENCY EMPLOYEES

FROM:           DAVE BARRAM
                ADMINISTRATOR

SUBJECT:        Cooperation with Equal Employment Opportunity Counselors
                and Investigators

Pursuant to 29 CFR Part 1614 the agency is required to develop an impartial and appropriate factual record upon which to make findings on claims raised in EEO complaints. An appropriate factual record is one that allows a reasonable fact-finder to draw conclusions as to whether discrimination occurred.

All EEO complaints are filed against the agency, not individuals. Therefore, it is the agency's responsibility to ensure that: 1) the allegations are properly and thoroughly reviewed and/or investigated, and 2) all employees of the agency cooperate in the collection and gathering of information necessary for making decisions regarding the disposition of complaints. The EEO complaint process, including the investigation, is an administrative fact-finding process and the EEO counselor and investigator are obligated to collect evidence, which they deem relevant to the matter(s) complained of.

The Equal Employment Opportunity Commission (EEOC) holds the agency responsible for providing all necessary information or documents. The EEOC is authorized to impose sanctions against the agency if requested information or documents are not provided and made part of the file. It is imperative that employees cooperate when requested by EEO counselors and investigators to provide this information. Any agency employee who refuses to cooperate may be subject to disciplinary action. A complainant who refuses to provide the requested information or documents may have his/her case dismissed.

Your cooperation will help bring complaints to a timely conclusion.

U.S. General Services Administration
301 7th Street, SW
Washington, DC 20407-0001
www.gsa.gov

MEMORANDUM FOR THE RECORD

SUBJECT: Election Between the Negotiated Grievance and the EEO Complaint Procedures

A mixed case complaint is a complaint of employment discrimination filed with a Federal agency, based on race, sex, age, color, religion, national origin, disability (physical/ mental), or reprisal, relating to or stemming from an action that may be appealed to the Merit Systems Protection Board (MSPS).

A mixed case appeal is an appeal filed directly with the MSPB alleging that an appealable agency action was effected, in whole or in part, because of discrimination based on race, sex, age, color, religion, national origin, disability (physical/mental).

I understand that the regulations cited in 29 Code of Federal Regulations, Part 1614.302, provide for processing discrimination complaints on matters which are otherwise appealable to the MSPB.

I understand the regulation provide that a covered individual may raise allegations of discrimination in a mixed case either as a direct appeal to the MSPB or as a complaint with the agency, **BUT NOT BOTH.**

Have you filed a direct appeal to the Merit Systems Protection Board on the issue(s) you identified in your formal complaint of discrimination? _____Yes _____No

I acknowledge receipt and understand the rights provided in this memorandum.

_____     _____
Complainant (Print Name)                              Complainant's Signature

                         _____
                                         Date

_____     _____
Complainant                                                        Date