U.S. GENERAL SERVICES ADMINISTRATION
National Capitol Region
301 7th Street, SW, Regional Office Building
Washington, DC 20407-0001

# EEO COUNSELOR'S REPORT
29 C.F.R. SECTION 1614.105(c)

## A. AGGRIEVED PERSON:

| | | | |
|---|---|---|---|
| Name: | George Short | Social Security Number: | 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 |

Job Title/Series/Grade:     Police Officer, GS-0083-9

Place of Employment:     Federal Protective Service (FPS)
                         Police Bureau
                         Police & Enforcement Branch
                         3rd & M Streets, SW
                         Washington, DC 20407

Work Phone No.:     (202) 690-9123     Home Phone No.: (301) 270-6482

Home Address:     902 Larch Avenue
                  Takoma Park, MD  20912

## B. CHRONOLOGY OF EEO COUNSELING:

Date of Initial Contact with EEO Office:     September 19, 2002

Date of Initial Contact with EEO Counselor:     September 25, 2002

Date of Initial Interview with EEO Counselor:     October 2, 2002

Date(s) of Alleged Discriminatory Event(s):     June 18, 2002; July 18, 2002; August 29, 2002; and September 18, 2002

45th Calendar Day After Event:     August 3, 2002 and September 2, 2002

Reason for Delayed Contact Beyond 45 Calendar Days:  Aggrieved alleges that he did not request to see an EEO Counselor within 45 days of the incidents that occurred on June 18, 2002, and July 18, 2002 because he did not consider the actions discriminatory until he received the Notice of Proposed suspension.

Date Aggrieved Requested Extension:     N/A

Reason for Counseling Extension Beyond 30 Calendar days:  N/A

EXHIBIT
RoJ-2
3

1

## C. BASIS(ES) FOR ALLEGED DISCRIMINATION:

1) [X] Race (Black)
2) [ ] Color (Specify)
3) [ ] National Origin (Specify)
4) [ ] Sex (Specify)
5) [X] Age (Date of Birth [DOB]: 4/1/43)
6) [ ] Mental Disability (Specify)
7) [ ] Physical Disability (Specify)
8) [ ] Religion (Specify)
9) [ ] Reprisal (Identify earlier event and/or opposed practice, give date)

## D. ALLEGATION OF DISCRIMINATION (Precise Description of Issue(s) Counseled and Date(s):

Aggrieved alleged that he was harassed based on his race (Black) when:

1. On June 18, 2002 and July 18, 2002, Lieutenant Reginald L. Thomas, his first-level supervisor, issued him a Record of Infractions for failure to follow instructions, disrespectful behavior towards his supervisor and being absent without leave (AWOL).

2. On August 29, 2002, he was issued a Notice of Proposed action (suspension) from duty and pay for a period not to exceed thirty days for the Records of Infractions noted in "1" above.

Additionally, Aggrieved alleges that he was discriminated against based on his age 59 years old) when:

3. On September 18, 2002, he was not selected for a deployment assignment in Buffalo, NY.

## E. REMEDY REQUESTED:

Aggrieved requested the following corrective actions:

1. Reimbursement for the Absent Without Leave charged on June 29, 2002 and July 3-5, 2002. Remove all Absences Without Leave (AWOL) from his records.

2. Record of Infractions rescinded.

3. Compensation for back pay for lost income as a result of his non-selection for the deployment assignment to Buffalo, NY.

4. Compensatory damages.

F. **THE EEO COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR'S CHECKLIST.**

1. Notice of Rights and Responsibilities
2. Cooperation with Equal Employment Opportunity Counselors & Investigators
3. Matter Raised at Counseling
4. Election between the Negotiated Grievances and the EEO Complaint Procedures
5. Confidentiality Statement
6. Processing of Mixed Cases Complaints and Appeals
7. Compensatory Damages
8. Equal Pay Act
9. Mailing Address
10. Back Pay
11. Designation of Representative
12. EEO Complaint Timeframes
13. Age Discrimination Complaints
14. Agreement to Mediate
15. EEO Publications
16. Notice of Final Interview/Notice of Right to File a Discrimination Complaint

G. **SUMMARY OF COUNSELOR'S INQUIRY:**

1. **Personal Contacts**

    Corporal George Short (Aggrieved), telephone number: (202) 690-9123

    Lieutenant Reginald Thomas (Black, 53 years old [DOB: 6/25/1949]), Responding Management Official

    Captain Webb E. Mitchell (Black, 54 years old [DOB: 1/27/1948]), Federal Protective Service Division, Enforcement Section, telephone number: (202) 619-9212

    Don Waldon (Black, 66 years old [DOB: 8/17/1939]), Assistant Chief of Police, Federal Protective Service, telephone number: (202) 690-9159

    Francine Anderson (race and age unknown), Program Analyst, Federal Protective Service, Office of the Director, telephone number: (202) 690-9632)

    Captain John Poston (Black, 54 years old [DOB: 11/22/1947]), Federal Protective Service, telephone number: (202) 619-9213

2. **Documents Received and Reviewed [Attached as Exhibits]**

    a. Records of Infractions dated June 10, 2002 and July 15, 2002
    b. Notice of Proposed (suspension) action
    c. Documents from the Proposed (suspension) action file

   d. Memorandum to all Federal Protective Service Police Supervisors & Police Officers, first and second shifts, subject: Cancellation of day off
   e. GSA/NCR Regional Personnel Office Disciplinary Actions Desk Guide, June 1990

3. **Summary of Informal Resolution**

On October 2, 2002, the EEO Counselor met with the Aggrieved to discuss his EEO concerns.

Issue 1: Record of Infractions (June 18, and July 18, 2002)

**June 18, 2002, Record of Infraction (Failure to follow instructions and disrespectful behavior toward supervisor:** Aggrieved stated that on June 8, 2002, he received a call that a person with a gun was at the Ronald Reagan Building. He was the Acting supervisor at the time so he sent two of his officers to the building. He arrived at the building shortly there after. When he arrived he found that the man had a gun in the truck of his car. The Aggrieved said he contacted the U.S. Attorney at the Justice Department and explained to the Attorney that the man was a tourist and he had informed them that he had a gun in the back of the car. He told the U.S. Attorney that the man was being very cooperative. The U.S Attorney told him that based on what he told her, there was no reason to arrest the man. Based on the information he received from the U.S. Attorney, he released the man along with the gun. After he talked to the U.S. Attorney, he tried to get in touch with Lt. Thomas to explain the situation, but he could not locate Lt. Thomas. When he did see Lt. Thomas, he explained the situation to Lt. Thomas and told him that he had followed the U.S. Attorney's instructions and released the man with the gun. The Aggrieved stated that police officers are trained that anytime they have an arrest but do not know what to charge the suspect, they should contact the US Attorney at the Justice Department. Aggrieved stated that Lt. Thomas never told him to arrest the man as he stated in the Record of Infraction.

Aggrieved stated that on this same day, when Lt. Thomas discussed the matter with him, Lt. Thomas told him that his decision to release the man with the gun was improper. During the discussion with Lt. Thomas, he did use racial language because he was fed up with Lt. Thomas.

Lt. Thomas stated that the charges raised against the Aggrieved in both of the Records of Infractions have been incorporated into the Notice of Proposed (suspension) action dated August 29, 2002. He initiated the Records of Infractions for the Aggrieved. The Aggrieved was given an opportunity to respond to each charge in the Records of Infractions, but he did not respond.

With respect to Records of Infractions for failure to follow instructions and a disrespectful behavior towards his supervisor, Lt. Thomas stated that the Aggrieved was given an instruction to arrest a suspect. He did not arrest the suspect but released the suspect after he had told the Aggrieved three times to arrest the suspect. Therefore, he was issued the Record of Infraction for failure to follow instructions. When he discussed the situation with the Aggrieved, the Aggrieved became angry and began to use inappropriate racial language towards Lt. Thomas. He also charged the Aggrieved in the June 18, 2002 Record of Infraction with disrespectful behavior towards his supervisor,

**July 18, 2002, Record of Infraction (Absent without leave)**

Aggrieved stated that on June 17, 2002, he requested leave for June 29, 2002 and July 4, 2002. Subsequently a Directive was issued to all Federal Protective Service Police Supervisors and Police Officers, first and second shift canceling days off for June 29, 2002 and July 4, 2002. Aggrieved stated that management had not approved or disapproved his request for leave prior to the issuance of the Directive. After the issuance of the June 19, 2002 Directive, Sergeant Bennie Sherrod told him that his leave for June 29, 2002 had been disapproved.

Aggrieved stated that he did not report to work on June 29, 2002, because his wife was admitted to the hospital for emergency surgery. At 4:30 p.m., on June 29, 2002, he called Lt. Thomas to report the situation. The next day when he arrived at work, he hand carried the medical papers concerning his wife to Captain Mitchell, Commander for second shift.

With respect to the July 4, 2002 leave. The Aggrieved stated that he took sick leave on July 3, through July 5, 2002, because he was ill. His doctor had given him medical documentation requesting that he be excused from work from July 3, 2002 though July 8, 2002. When he returned to work on July 6, 2002. He gave Lt. Thomas the medical documents from his doctor.

Aggrieved does not deny that he took leave for June 29, 2002 and July 4, 2002 after being advised that all leave for those two dates were cancelled. But he took leave on those days because of emergencies. He therefore claims that he should not have been issued the Record of Infractions for being absent on those days.

Lt. Thomas stated that the Aggrieved requested leave for June 29, 2002, and July 4, 2002. The Aggrieved's leave request for both days was disapproved because management had cancelled all leave for those two days. The Aggrieved called in on June 29, 2002 and advised that his wife had been admitted to the hospital for emergency surgery. When the Aggrieved returned to work the next day, he submitted a medical document to support his wife's hospital admission. The Aggrieved did not report to work on July 3, 2002, and did not return until July 6, 2002. When he returned on July 6, 2002, he submitted a doctor's statement stating that the Aggrieved was under his care from July 3 through July 8, 2002. Lt. Thomas stated that he did not accept the Aggrieved's medical documents for either date because the Aggrieved had reported to another co-worker that he was not going to report. Lt. Thomas said he received a statement from the co-worker about the conversation with the Aggrieved. Additionally, the statement from the Aggrieved's doctor indicated that he was under his care until July 8, 2002, but the Aggrieved returned to work on July 6, 2002, and worked two shifts.

Based on this information he charged the Aggrieved with being Absent Without Leave (AWOL) for June 29, 2002, and July 4, 2002.

Issue 2: Notice of Proposed 30-Day Suspension (August 29, 2002).

Aggrieved stated that on August 29, 2002, he was issued a Notice of Proposed Suspension for 30 days based on the Records of Infractions noted above.

Aggrieved contended that Lt. Thomas should not have issued him the Records of Infractions for June 18, 2002 and July 18, 2002, and that he issued the Notice of Proposed Suspension to harass him.

Lt. Thomas stated that he recommended to upper level management officials that the Aggrieved be disciplined for his actions listed in the two Records of Infractions. He therefore initiated a proposal to suspend the Aggrieved for 30 days. He sent the proposed suspension through the chain of command, starting with his supervisor, Captain Webb Mitchell, who concurred with his recommendation.

Captain Mitchell stated that he reviewed Lt. Thomas' recommendation for the proposed 30-day suspension and concurred with the recommendation.

Chief of Police Waldon also stated that he reviewed Lt. Thomas' recommendation for the proposed suspension and concurred with the recommendation.

**EEO COUNSELOR'S NOTE**: The Aggrieved named Dean Hunter, Deputy Director, Office of the Director, Federal Protective Service as one of the Responsible Management Officials because his signature was on the Notice of Proposed Suspension dated August 29, 2002. Mr. Hunter was not available for an interview during the pre-complaint counseling. However the Counselor discussed Mr. Hunter's involvement with Francine Anderson, Program Analyst, Staff Support, Office of the Director, Federal Protective Service and was advised that Mr. Hunter had no involvement in the Aggrieved's proposed suspension other than that of the reviewing and concurring official.

Issue 3: Deployment Assignment to Buffalo, NY (September 18, 2002)

Aggrieved stated that on September 18, 2002, management sent five Police Officers to Buffalo, N.Y. on deployment assignment. The Aggrieved alleged that the Officers who were selected were younger than he was. He also contends that he has not been selected for a deployment assignment for at least two years.

Captain Poston stated that Major Wellton, Federal Protective Service, contacted him to select five officers for deployment assignments to Buffalo, NY. This was a last minute request so they selected officers who were working the day shift and who had a Federal government credit card. Five Officers were selected from the day shift. There were no Officers selected from either the 3:00 p.m.-11:00 p.m. shift or the 11:00 p.m.-7:00 a.m. shift. The Aggrieved works the 3:00 p.m.-11:00 p.m. shift. Captain Poston did not know the ages of the selected Officers.

Lt. Thomas stated that the Aggrieved had previously been on deployment assignments to New York approximately two years ago.

Lt. Thomas and Captain Mitchell were advised of the remedies sought by the Aggrieved. Both stated that they would not rescind the proposed suspension, or the Records of Infractions dated June 18, 2002 and July 18, 2002.

### H. IF AGGRIEVED OPTED FOR ADR, COUNSELOR'S STATEMENT THAT THE ADR PROCESS WAS FULLY EXPLAINED TO THE AGGRIEVED INDIVIDUAL/ SUMMARY OF INFORMATION GIVEN TO AGGRIEVED PERSON BY COUNSELOR

N/A

### I. SUMMARY OF INFORMATION GIVEN AGGRIEVED PERSON BY COUNSELOR.

On October 8, 2002, the Aggrieved was advised of the results of her inquiry. The Aggrieved was dissatisfied with the results. Therefore, on October 8, 2002, the Aggrieved was issued the Notice of Final Interview/Notice of Right to File a Discrimination Complaint, including a Formal Complaint of Discrimination, GSA Form 3467.

Ella M. Butler                                                            (301) 907-0127
Print – Name of EEO Counselor                                 Telephone Number

*Ella M. Butler*                                                          10/10/02
Signature – EEO Counselor                                     Date

Counter Technology, Inc, 4733 Bethesda Avenue, Suite 200, Bethesda, MD 20814
Office Name and Address

7

## ATTACHMENTS

| | |
|---|---|
| ATTACHMENT A | Notice of Rights and Responsibilities |
| ATTACHMENT B | Notice of Final Interviews/Notice of Rights to File a Discrimination Complaint |
| ATTACHMENT C | Records of Infractions dated June 18, 2002 and July 18, 2002 |
| ATTACHMENT D | Notice of Proposed Suspension for 30 days, dated August 29, 2002 |
| ATTACHMENT E | Documents from the disciplinary file |
| ATTACHMENT F | Memorandum to all Federal Protective Service Police Supervisors & Police Officers, first and second shifts, subject: Cancellation of Days Off (June 29, 2002 and July 4, 2002) |
| ATTACHMENT G | GSA/NCR Regional Personnel Office Disciplinary Actions Desk Guide, June 1990 |
| ATTACHMENT H | Organization of Chart for the Federal Protective Service, November 2001 |

GENERAL SERVICES ADMINISTRATION, NATIONAL CAPITAL REGION
EQUAL EMPLOYMENT OPPORTUNITY

INITIAL COMPLAINANT CONTACT/INTERVIEW WORKSHEET
Informal Case # GSARNCR20020026

**DATE CONTACTED EEO OFFICE:** Office Visit: September 19, 2002

**COMPLAINANT'S NAME:** Corporal George Short

**TITLE/SERIES/GRADE:** Police Officer GS-0083-9

**HOME ADDRESS:** 902 Larch Avenue
Takoma Park, MD 20912
**HOME PHONE:** (301) 270-6482

**ORGANIZATION:** Federal Protective Services (FPS), Police Bureau
**ADDRESS:** 3rd & M Streets, SW
Washington, DC 20407
**WORK PHONE:** (202) 615-9123
690

**REPRESENTATIVE:** Not at present
**ADDRESS:**
**TELEPHONE NO:**

**DATE OF MOST RECENT ALLEGED INCIDENT:** September 18, 2002

**SPECIFIC ALLEGED DISCRIMINATORY ACTION(S):** Corporal Short alleges discrimination for disparate treatment by Dean Hunter and harassment by Lieutenant Reginald Thomas, when he was
1. not selected for the Buffalo, NY deployment assignment on September 18, 2002, against LT Thomas. Background: he has been denied deployment for the past two years.
2. issued records of infractions on June 18, 2002 and July 18, 2002, against LT Thomas for:
    a. failure to follow instructions
    b. disrespectful behavior toward supervisor
    c. absent without leave
3. issued a notice of proposed action (suspension) from duty and pay for a period not to exceed thirty (30) days dated August 29, 2002, against Dean Hunter.

Attachments (3)

**BASIS:** Race (Black) and Age 50 (DOB: 4/1/02)

**RESPONDING MANAGEMENT OFFICIAL:** LT Reginald Thomas and Deputy Director Dean Hunter

**ORGANIZATION:** FPS, S.E. Federal Center, 3rd & M Streets, SE, Washington, DC

**TELEPHONE NO:** LT Thomas (202) 690-9159, A. Jordan and D. Hunter (202) 690-9632
9/23
**REQUESTED RELIEF:** LWOP removed from his record, compensatory damages, compensation/back-pay for lost of income regarding non-selection for deployment, records of infraction rescinded.



EXHIBIT
ROI-2
Tab 3A

SPECIFIC ALLEGATIONS CONTINUED IN THE INFORMAL COMPLAINT OF GEORGE SHORT, CASE NUMBER GSANCR20020026

Corporal Short alleges discrimination for disparate treatment by Dean Hunter and harassment by Lieutenant Reginald Thomas, when he was

1. not selected for the Buffalo, NY deployment assignment on September 18, 2002, against LT Thomas. Background: he has been denied deployment for the past two years.
2. issued records of infractions on June 18, 2002 and July 18, 2002, against LT Thomas for:
    a. failure to follow instructions
    b. disrespectful behavior toward supervisor
    c. absent without leave
3. issued a notice of proposed action (suspension) from duty and pay for a period not to exceed thirty (30) days dated August 29, 2002, against Dean Hunter.

_____    _____
Complainant                                   Date

_____    _____
Ella M. Butler                                   Oct. 8, 2002
Counselor - Hunter Technology, Inc.    Date