**EXHIBIT**
RoJ-14
2

**U.S. GENERAL SERVICES ADMINISTRATION**
**National Capital Region**
**Washington, DC 20407**

**EEO COUNSELOR'S REPORT**
29 C.F.R. Section 1614.105(a)

### A. AGGRIEVED PERSON

| | |
|---|---|
| Name: | George A. Short |
| Informal Case # | GSANCR20030019 |
| Job Title/Series/Grade: | Corporal, Police Officer<br>GS-0083-9 |
| Place of Employment: | Federal Protective Service<br>Navy Yard, Building 74<br>Southeast Federal Center<br>Washington, D. C. |
| Work Phone Number: | (202) 690-9123 |
| Home Address: | 903 Larch Avenue<br>Takoma Park, MD 20912 |
| Home Phone: | (301) 270-6482 |
| Representative Name and Address: | None |

GSA-NCR EEO OFFICE  2003 APR -7 A 9:54  RECEIVED

### B. CHRONOLOGY OF EEO COUNSELING

| | |
|---|---|
| Date of Initial Contact with EEO Office | March 3, 2003 |
| Date of Initial Contact with Contractor/ Counselor | March 14, 2003 |
| Date of Initial Interview: | March 25, 2003 |
| Date of Alleged Discriminatory Event: | February 21, 2003 |
| 45th Day After Event: | April 7, 2003 |

Date of Final Interview:                                March 31, 2003

Date of Notice of Right to File a Formal                March 31, 2003

**Discrimination Complaint:**

Date Counseling Report Requested:                       April 6, 2003

Date Counseling Report Submitted:                       April 7, 2003

Name of Counselor:                                      Robert L. Walker
                                                        F&W Associates

C.   **BASIS(ES) FOR ALLEGED DISCRIMINATION**

(1)   [ ]    Race
(2)   [ ]    Color (Specify)
(3)   [ ]    National Origin (Specify)
(4)   [x]    Sex (Specify)
(5)   [x]    Age (Specify)
(6)   [ ]    Mental Handicap (Specify)
(7)   [ ]    Physical Handicap (Specify)
(8)   [ ]    Religion (Specify)
(9)   [ ]    Reprisal
(10)  [x]    Equal Pay Act D.    ALLEGATIONS OF DISCRIMINATION

D.   **ALLEGATIONS OF DISCRIMINATION**

Corporal Short alleged that he was discriminated against on the basis of age, sex, and the Equal Pay Act when he was not temporarily promoted to the rank of sergeant nor paid at the sergeant's pay grade. He stated that he believes age was a basis because a younger similarly situated officer, Cassandra Talley, was temporarily promoted to the rank of sergeant, while he was not. He also alleges sex and Equal Pay Act discrimination because a similarly situated female officer, Cassandra Talley, was temporarily promoted to the rank of sergeant and paid at that rank, while he has acted as sergeant since 1995, performed the same duties under similar working conditions, and management never paid him the sergeant's pay grade.

E.          **REMEDY REQUESTED**

Corporal Short is seeking back pay from the day that Ms. Talley was made and paid sergeant's pay., compensatory damages.

**F.    THE EEO OFFICE AND THE EEO COUNSELOR ADVISED THE AGGRIEVED PERSON IN WRITING OF THE RIGHTS AND RESPONSIBILITIES CONTAINED IN THE EEO COUNSELOR CHECKLIST**

The Aggrieved acknowledged receiving the following at the initial counseling session:

1. Notice of Rights and Responsibilities.
2. Cooperation with Equal Employment Opportunity Counselors and Investigators
3. Agreement to Mediate
4. Matters Raised at Counseling
5. Election between the Negotiated Grievances and the EEO Complaint Procedures
6. Confidentiality Statement
7. EEO Publications
8. Processing of Mixed Cases Complaints and Appeals
9. Compensatory Damages
10. Equal Pay Act
11. Mailing Address
12. Back Pay
13. Designation of Representative
14. EEO Complaint Timeframes
15. Age Discrimination Complaint
16. Notice of Final Interview/Notice of Right to File a Discrimination Complaint

**G.    SUMMARY OF COUNSELOR'S INQUIRY**

The EEO Counselor interviewed: Corporal George A. Short and Acting Deputy Director, Mr. Patrick Moses, Acting Regional Director.

**Statement of Corporal George A. Short**

George A. Short stated that he is a Corporal with the Federal Protective Service (FPS). He said that he has been a Corporal for over 15 years and has worked for the FPS for about 33 years. Cpl. Short claimed that he has acted as a sergeant with the FPS since 1995. He maintained that during the time that he has acted as sergeant, he has not been paid at the sergeant pay grade, nor has he received a temporary promotion to sergeant. Cpl. Short asserted that he never received any paper work that said that he would "act" as sergeant. He maintained that management said that acting in the position of sergeant is part of his job description; thus he can be made to act without a pay increase.

**F&W ASSOCIATES**

According to Corporal Short, on or about February 13, 2003, he learned from the *Federal Protective Service : National Capital Region Bulletin* that Cassandra Talley was given a temporary promotion to sergeant at the Homeland Security Headquarters office on Nebraska Avenue, N. W., Washington, DC.  Cpl. Short maintained that he was never asked to work at the Homeland Security Headquarters. He claimed that Cassandra Talley, has less time in grade as a corporal and less experience as a federal police officer than he has. In addition, he stated that he has more training, generally, and as a supervisor than Ms. Talley.

Corporal Short said that there was no announcement of the position, so individuals could not bid on it. He maintained that there was no selection process. Cpl. Short explained that there were so many changes, it was hard to say who is doing what. Cpl. Short maintained that management gave Ms. Talley the temporary promotion to the position. He said that her promotion happened in the last part of January 2003, and that he had heard about it. He stated that when he saw her with the strips, he knew the rumor was true. He said that the agency bulletin confirmed that she had gotten the promotion.

According to Cpl. Short, Ms. Talley is being paid as a sergeant. He said that he is presently "acting" as a sergeant for FPS in Building 74, and he has been "acting" in this position since about 1995. During that time, he asserted, he has not received a sergeant's pay. He maintained that as an "acting" sergeant he is performing the same duties as, Ms Talley, and he has been performing them since 1995. Cpl. Short said that he is being discriminated against on the basis of age, sex, and the Equal Pay Act.

Cpl. Short said that he doesn't know who made the decision to promote Talley. He said that he can't get the facts about how Ms. Talley got the promotion. According to Cpl. Short, the rumor was that at the Nebraska Avenue location, management wanted young, slim people to present a certain image. Cpl. Short asserted that he worked with Ms. Talley when she was a corporal, and that is how he knows that he is better qualified than she is for the sergeant position.

Cpl. Short maintained that Ms. Talley was the only corporal made a sergeant at that time, in January 2003. Since then, he said, one other Corporal Maurice Williams, was promoted to sergeant. He stated that occurred about two weeks ago. Corporal Short said that Corporal Williams is about his age, in his early fifties. Corporal Short asserted that he is better qualified than Mr. Williams also because he has more experience than Sgt. Williams. Cpl. Short asserted that he has worked in the field, while Sgt. Williams has not. Cpl. Short claimed that Sgt. Williams worked in communications, while he (Corporal Short) worked with law enforcement throughout the country and has experience making arrests in other states.

Cpl. Short maintained that age is a basis for his non-selection because he is older and better qualified than both Ms. Talley and Mr. Williams who were promoted. He stated

4

**F&W ASSOCIATES**

that management was aware of the older guys' age and that a lot of the older guys were looking to retire. Cpl. Short stated that he alleged sex and equal pay as bases because he is doing the same job as Ms. Talley and is not getting equal pay. Cpl. Short asserted that he is a crime scene technician and an "acting" sergeant. He claimed that other corporals were not made crime scene technicians and that he was the only one doing that job.

**Statement of Patrick Moses, Acting Regional Director**

Patrick Dean Moses stated that he is Acting Regional Deputy Director of the Federal Protective Service, National Capital Region. That his management philosophy is to create developmental opportunities for all FPS employees. He maintained that he learned that FPS employees could not compete with outside employees. According to Mr. Moses, to correct this imbalance, he started developmental opportunities within the merit principles. He said that he wanted to provide opportunities whereby FPS employees could, up to 120 days, receive temporary promotions.

According to Mr. Moses, once the staff got to Homeland Security, he and David Nichols, who is the Area Commander for Homeland Security, discussed temporary promotions. Mr. Moses said that he said to Mr. Nichols, "Let's go on and promote some of these folks since people were going to move into 'acting' capacities." Mr. Moses said that is how Corporal Talley ended up getting the temporary promotion to sergeant. Mr. Moses said that she did not go to Homeland Security with the intent that she would become an acting sergeant. He maintained that when she got out there, he came up with this idea that the people who were out there now, management wanted to offer them encouragement because no one wanted to go to Homeland Security. Mr. Moses asserted that management had to beg officers to go out there. He maintained that a lot of the staff said, "I don't want to go." Mr. Moses stated that a lot of employees, who had been in the region for a long time, laughed at those officers who were going over to Homeland Security because they felt they were representing the old guard force. Thus, Mr. Moses said, there was never any intent to discriminate against anyone. He said that the intent was to provide Homeland Security with their sharpest officers. He said when management used the term "sharpest" officers, management was concerned with staff who did not have disciplinary issues. Mr. Moses claimed that management identified officers with disciplinary issues and cut them off the list.

Mr. Moses said that he is not sure of the date, but when management had its first meeting about sending employees to Homeland Security they asked the police bureau at that point to send individuals down who could go over to Homeland Security. He said that he sent word to the supervisors in the police bureau asking them for individuals who could go over and do a detail at Homeland Security. Mr. Moses pointed out that none of FPS's senior officers got those assignments. Mr. Moses stated that management worked out a deal with the union representative. Mr. Moses said that a lot of the guys who had been

5

**F&W ASSOCIATES**

around a long time complained about doing guard post. Therefore, according to Mr. Moses, when management got people to agree to go to Homeland Security he said management decided to give them an incentive. So management decided to start temporarily promoting some officers. Mr. Moses explained that this how the temporary promotions came about. Mr. Moses asserted that the temporary promotions had nothing to do with Corporal Short.

Mr. Moses noted that when he arrived, Corporal Short was not there. He maintained that Corporal Short was out on a 30-day suspension for being disrespectful of his supervisor. Mr. Moses claimed that Corporal Short has a disciplinary past as well. Consequently Mr. Moses said one would not want Corporal Short to serve in a competitive position. Mr. Moses asserted that when management selected people to go to Homeland Security, they selected staff who did not have any disciplinary issues. He stated that management did not do any background checks on the individuals selected.

Mr. Moses said that there are two issues going on. He stated that his initiatives were to provide developmental opportunities for individuals to serve in those positions that are vacant in FPS. According to Mr. Moses, Corporal Short's acting as acting as sergeant was, in part, what had gone on in the region for a long time. Mr. Moses claimed that he did not know that corporals were to serve as acting sergeant, not on paper but on the shift. Mr. Moses said having corporals act as sergeants without pay was not his doing. He maintained that was something that was going on historically in that region. Mr. Moses asserted that he knows that Reese, Lomax, and Cox who have been acting sergeants for an extended period as well. Mr. Moses maintained that this practice is being changed.

Mr. Moses maintained that if Corporal Short were honest, he would have noticed that, there are people at Corporal Short's age, who are in other levels of the organization, that are also being temporarily promoted . . . such as Wallace Waters. Mr. Moses said that Wallace Waters is a major and that Wallace is roughly the age of Corporal Short. Mr. Moses stated that Wallace Waters has been promoted to a GS-14, which is a colonel position, as an Acting District Director. Mr. Moses asserted that Mr. Walton, who serves as an Area Commander, was now serving as an Acting District Director as well. According to Mr. Moses, Mr. Walton is an officer about Mr. Short's age. Mr. Moses claimed that Mr. Walton is about 63 years old.

Mr. Moses said that a Sergeant Kenneth Williams was called up on military duty. Therefore, there was a need for a sergeant at the motor scan vehicles. Mr. Moses maintained that the former Chief of Police, Earl Boyd, agreed that Corporals Maurice Williams and J. L. Reese, two long-time, veteran corporals, would go there on 120-day details and get their temporary promotions.

Mr. Moses asserted that he had no idea that Corporal Short wanted to serve in any "acting" capacity. According to Mr. Moses, Cpl. Short had every opportunity to talk

**F&W ASSOCIATES**

with him about that. Mr. Moses said that he had tried to mediate some of Cpl Short's other cases that could have been something he could have asked for in mediation. According to Mr. Moses, Cpl. Short has just continued to want to file complaints. Mr. Moses said that he sees Cpl. Short as a person, who, no matter what management does in the organization, just wants to file complaints. Mr. Moses said that Cpl. Short is constantly filing EEO complaints, and that's why Mr. Moses made the decision to let this case go forward.

**Documents Reviewed**

The agency provided the counselor with the following documents:

1. Copy of Memorandum for Avis Johnson, from Francine Anderson, Subject: Follow-up on George Short Complaint, dated April 3, 2003

2. Copy of Federal Protective Service, National Capital Region, Bulletin, Volume VI, Number 7, dated February 13, 2003, Page 2.

3. Copy of the National Agreement between GSA and AFFE, Subject: Details, Assignments, Voluntary Changes, dated October 1, 1999.

4. Copy of Office of Personnel Management Regulation, Subject: Agency Authority to promote, demote, or reassign.

5. Copy of Request for Personnel Action, Temporary Promotion NTE 120 days for Cassandra Talley

**H.    SUMMARY OF INFORMAL SETTLEMENT ATTEMPTS**

The counselor discussed the remedies sought by the complainant with Dean Hunter Deputy Director, FPS. Mr. Hunter stated that the agency would not consider informal settlement of this matter.

The counselor informed Corporal Short on March 31, 2003, that management was not willing to offer settlement.

*[signature]*                                                                                                Date: April 7, 2003

Robert L. Walker
EEO Counselor
F&W Associates
507 Winterberry Drive
Fredericksburg, VA 22405
(540) 371-3554

U.S. GENERAL SERVICES ADMINISTRATION
National Capital Region
Washington, DC 20407

EEO COUNSELOR'S REPORT
29 C.F.R. Section 1614.105(a)

## CONTENTS OF COUNSELING FILE

EEO COUNSELOR'S REPORT

**TABLE OF CONTENTS**

| | |
|---|---|
| TAB A | WRITTEN NOTICE OF RIGHTS AND RESPONSIBILITIES IN THE EEO COUNSELOR CHECKLIST PROVIDED TO THE AGGRIEVED BY THE EEO OFFICE AND THE EEO COUNSELOR |
| TAB B | DOCUMENTS PROVIDE THE COUNSELOR BY THE AGENCY |

1. Copy of Memorandum for Avis Johnson, from Francine Anderson, Subject: Follow-up on George Short Complaint, dated April 3, 2003

2. Copy of Federal Protective Service, National Capital Region, Bulletin, Volume VI, Number 7, dated February 13, 2003, Page 2.

3. Copy of the National Agreement between GSA and AFFE, Subject: Details, Assignments, Voluntary Changes, dated October 1, 1999.

4. Copy of Office of Personnel Management Regulation, Subject: Agency Authority to promote, demote, or reassign.

5. Copy of Request for Personnel Action, Temporary Promotion NTE 120 days for Cassandra Talley

| | |
|---|---|
| Tab C | DOCUMENTS PROVIDED THE COUNSELOR BY THE AGGRIEVED |

1. Vacancy Announcement 03991921 and related questions.

2. *Federal Protective Service: National Capital Region–BULLETIN*