

GSA National Capital Region

April 17, 2003

<u>Certified Mail</u>
<u>Return Receipt Requested</u>

Mr. George A. Short
903 Larch Avenue
Takoma Park, MD 20912

**Ref: GSA Case Number 03-NCR-WPS-GAS-14**

Dear Mr. Short:

This notice **acknowledges receipt** of your formal discrimination complaint dated and hand delivered to the Office of the Regional Administrator on April 11, 2003. It was forwarded to the Equal Employment Opportunity (EEO) Office, General Services Administration (GSA), National Capital Region, Washington, DC, for processing. Your complaint is deemed filed on April 11, 2003, against the U.S. Department of Homeland Security. This notice also provides you with written notice of your rights and time requirement for exercising those rights.

On March 3, 2003, you contacted the EEO Office to initiate an informal complaint of discrimination. An EEO Counselor was assigned to attempt informal resolution of your case, which was not resolved. On March 31, 2003, you were issued the Notice of Right to File a Formal Complaint. Your formal complaint was received on April 11, 2003. Based on a thorough review of the formal complaint, it has been determined that the following claim(s) will be **Accepted** for formal investigation. A copy of the the Counselor's Report is enclosed.

> **Your claim that you were discriminated against when you learned on February 13, 2003, that Corporal Cassandra Talley was given a temporary promotion to sergeant, in which there was no announcement for the position and no selection process, therefore, you could not "bid" on the position, in which you have have performed the duties of a sergeant since 1995, but have not been paid at the sergeant pay grade.**

The above claim is based on your age (60 years:DOB April 3, 1943), sex (male), and unequal pay (Equal Pay Act).



EXHIBIT
PoI-14
3

U.S. General Services Administration
301 7th Street, SW
Washington, DC 20407-0001
www.gsa.gov

If you believe the claim(s) in your complaint have not been correctly identified, please notify me, in writing, within five calendar days after your receipt of this letter, specifying why you believe that the claim(s) have not been correctly identified. If no response is received from you within the specified timeframe, the accepted claim(s) will be forwarded for formal investigation.

### ADDITIONAL OPTION FOR AGE DISCRIMINATION COMPLAINANTS (AGE 40 AND OVER).

As an alternative to filing an age discrimination complaint, an aggrieved individual may elect to bypass the administrative procedure and file a civil action directly in a United States (U.S.) District Court under the Age Discrimination in Employment Act (ADEA), against the head of an alleged discriminating agency, after giving the commission not less than 30 days notice of the intent to file such an action. Such notice must be filed in writing with EEOC, Federal Sector Program, 1801 L Street, NW, Washington, DC 20507, within 180 days of the occurrence of the alleged unlawful practice.

You must be aware that if you elect to file an administrative complaint alleging age discrimination rather than filing directly in U.S. District Court, you must exhaust your administrative remedies before you can file a civil action. Administrative remedies will be considered to be exhausted for the purpose of filing a civil action:

(1)   180 days after the filing of an individual complaint if the agency has not issued a final decision and individual has not filed an appeal or 180 days after the filing of a class complaint if the agency has not issued a final decision.

(2)   After the issuance of a final decision on an individual or class complaint if the individual has not filed an appeal; or

(3)   After the issuance of a final decision by the Commission on an appeal or 180 days after the filing of an appeal if the Commission has not issued a final decision.

Voluntary attempts to settle your complaint can be made throughout the administrative process. If a settlement of the complaint is reach, the terms of the settlement will be stated in writing and you will be given a copy.

Pursuant to 29 CFR Part 1614, the agency has 180 calendar days to complete the investigation (from the date of filing a formal complaint) or to issue the Notice of Final Action on the complaint.

3

Upon completion of the investigation, you will have the right to request a final agency decision with or without a hearing. If you request a hearing before an Equal

Employment Opportunity Commission (EEOC) Administrative Judge (AJ), you must notify Ms. Avis B. Johnson, EEO Officer, in writing, within 30 calendar days of receipt of the notice.

Within 60 calendar days of receiving the findings and conclusion of the AJ, the agency will issue the final decision.

If you request a hearing, you are expected to proceed without delay in presenting your complaint before the assigned EEOC AJ.

Therefore, if you plan to have a representative, you should immediately obtain representation and you should also begin preparing a list of proposed witnesses, with a summary of the testimony you believe each will present at the hearing. The AJ will request this list after being assigned your case.

Failure to prosecute your complaint in a timely fashion may be grounds for the AJ to return your case to the agency. The agency will issue a final decision based on the evidence presented in your investigative and complaint file.

However, if you request an immediate final decision to be rendered on the merits of each allegation contained in your complaint based on the investigative file, the head of the agency, or his designee, will render a decision without a hearing. A request for a final decision without a hearing must be made to Ms. Avis B. Johnson, EEO Officer, National Capital Region, General Services Administration, **within 30 calendar days from the day you receive the notice of final action.**

In the absence of any response from you, upon the expiration of the 30-day notice period as to your options to a decision with or without a hearing, the agency will, within 60 calendar days, issue a final decision.

In the event that U.S. Department of Homeland Security has not issued a notice of final action within 180 days from the filing of your complaint, you may request a hearing at any time.

If your complaint is dismissed, you will receive a final decision on the complaint or that portion of the complaint, which is dismissed. The letter dismissing your complaint will delineate your rights of appeal.

If you are dissatisfied with the final decision with or without a hearing, you may appeal to the EEOC. An appeal to the EEOC must be postmarked or, absent a postmark, received by the Commission within 30 calendar days from the day you receive the final

4

decision. The 30-day period for filing a Notice of Appeal begins to run on the day after you receive the final decision.

However, if an attorney represents you, the 30-day timeframe begins to run on the day after your attorney receives the final decision. Any statement or brief in support of an appeal may be submitted to the Commission, with copies to the agency, within 30 calendar days from the date the appeal is filed. You must certify the date and method by which service was made on the agency regarding any appeal filed with the Commission.

Appeals must be filed on the EEOC Form 573(REV 4-92), and must indicate what it is you are appealing and why. The EEOC Form 573 will be forwarded with the notice of final action on your complaint. In addition, appeals to the Commission should be forwarded to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, 1801 L Street, NW, Washington, DC 20036.

In addition, with respect to claims filed under Title VII, you may file a civil action in the appropriate Federal District Court in any of the following situations:

   a. Instead of appealing Homeland Security's final decision to the EEOC, you may file a civil action in an appropriate United States District Court. If you choose to file a civil action, you must do so within 90 calendar days from the day you receive the final decision.

   b. If you appeal Homeland Security's final decision to the EEOC and the EEOC renders a decision on your appeal, you may appeal the EEOC decision by filing a civil action within 90 calendar days from the day you receive the EEOC decision on your appeal.

   c. If Homeland Security has not issued a final decision after 180 days have elapsed from the date you filed your formal complaint, you may file a civil action.

   d. If the EEOC has not issued a decision on your appeal within 180 calendar days from the date of filing the appeal.

   e. On complaints alleging violations of the Equal Pay Act, the time limit for filing a civil action is as follows, regardless of whether you pursued any administrative complaint processing:

      (1) Within two years of the date of the alleged violation, or,

      (2) If the violation is willful, within three years of the date of the alleged violation.

5

If you choose to file a civil action, and you do not have or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 30-day time limit for filing suit and in such form and manner as the court may require.

Please note that if you file a civil action, you must name the appropriate agency head as the defendant. Failure to name the head of the agency may result in loss of any judicial redress to which you may be entitled. The current agency head of the U.S. Department of Homeland Security is the Honorable Tom Ridge, Secretary.

Sincerely,

*Avis B. Johnson*

Avis B. Johnson
EEO Officer

Enclosure