IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE SHORT** | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:05-CV-01034-RMU |
| | ) |
| v. | ) |
| | ) |
| **MICHAEL CHERTOFF SECRETARY** | ) |
| **US DEPARTMENT OF HOMELAND SECURITY** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AFFIDAVIT OF PLAINTIFF GEORGE SHORT

1) My name is George Short, and I am the Plaintiff in this action. I am competent to testify on the facts set forth in this Affidavit.

2) I worked as a Federal Police Officer for thirty three years. During the first thirty years of my employment, I was not reprimanded, and he did not have a single disciplinary or other adverse employment action taken against me.

3) After I reported that my supervisor was sexually harassing me and filed EEO complaints challenging some of Defendant's employment practices, Defendant began to retaliate against me, harassing me, denying my leave requests, and suspended me for alleged misconduct without any legitimate basis.

4) I worked as a Lead Officer since 1987, and since 1995, I worked continually as a Lead Officer. As part of my job duties I was required to act as a supervisor when none was present, which was routinely the case.

5) Defendant never formally promoted me to the position of supervisor and never gave me the salary increase to which I would be entitled as a supervisor.

6) On February 13, 2003, Defendant promoted a substantially younger female with less employment experience to a supervisor position.

7) Defendant never posted the job and did not make the job opening known to other employees. Defendant simply promoted the younger female employee to the position, without giving me and other older male employees an opportunity to apply for it.

8) Defendant continued to use me as an acting supervisor without any incumbent increase in salary or title up through the time that I was forced into retirement.

9) Defendant wrongfully denied me deployment opportunities for two years.

10) In this action, I challenge Defendant's failure to select me for deployments to New York and to the Kentucky Derby. The officers that Defendant selected for these deployments were all younger than me.

11) Officers on deployment receive greater financial compensation because of the per diem they receive, so Defendant's actions caused me to suffer financial damages.

12) During the time that my EEOC charges were pending, I endured the disparate treatment and discrimination. I could finally take no more.

13) When the EEOC issued its final agency decision refusing to take action against the Defendant I felt that I had no other choice but to resign, which I did immediately thereafter.

14) I filed two charges with the Equal Employment Opportunity Commission. I filed the first charge in October 2002. I filed the second charge in April 2003.

15) The conduct that I challenged and which led me to file the charges encompassed the same misconduct that led to my constructive discharge.

16) Defendant willfully discriminated against me and passed me up for promotions to which I was entitled based upon my age, color, race and/or sex.

17) Defendant's failure to promote me after three decades of service is part of a pattern and practice of discrimination.

18) Defendant did not suspend me for legitimate non discriminatory reasons but as retaliation for my complaints and EEO filings.

19) I submitted medical documentation to support my leave request.

20) I did not fail to comply with my direct supervisor's directives when I failed to arrest the visitor at the Ronald Reagan Building. I had full authority to release the visitor at the Ronald Reagan Building after conferring with a representative from the Office of the US Attorney General.

21) I had no knowledge and had never heard that the position to which Officer Talley was promoted was considered unfavorable by any employees

22) Officer Talley had less work and supervisory experience than I.

23) I essentially performed the same duties under the same working conditions as Officer Talley after her promotion to supervisor.

24) Defendant promoted Officer Talley to the position of supervisor over older male employees with more job experience.

25) I was continually passed over for promotions.

26) Defendant's actions caused me a great deal of stress, altered the terms of my employment, and essentially forced me into retirement.

27) The facts of what transpired at the Ronald Regan Building are that while screening vehicles entering the property, an out of state visitor disclosed that he had an unloaded weapon in the trunk of his vehicle.

28) The visitor was cooperative. I attempted to contact his supervisor, Lieutenant Thomas, but I could not reach him.

29) In accordance with my training I conducted a US Attorney General's office for guidance on how to handle the matter.

30) The US Attorney informed me that based upon what I told her that there was no reason to arrest the man. Thus, I did not to take the visitor into custody.

31) Nonetheless, Defendant suspended me which was just part of the harassment that I was forced to endure, including having my weapon, personal property and vehicle withheld from me.

32) I presented documentation to support the emergency leave that I took, and in fact I returned to work prior to the date that my doctor cleared me to return to work

I HEREBY AFFIRM UNDER PENALTIES OF PERJURY THAT THE ALLEGATIONS IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT.

EXECUTED ON _Oct/17,2007_   _[signature]_
                             GEORGE SHORT