## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GEORGE A. SHORT,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-01034 (RMU)** |
| ) | |
| **MICHAEL CHERTOFF, SECRETARY** ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |

## REPLY

Defendant respectfully submits this reply to plaintiff's opposition to defendant's motion

for summary judgment (Opposition)

### A.  The Material Facts Submitted by Defendant Should Be Deemed Admitted.

Local Rule 7.1(h) provides:

Each motion for summary judgment shall be accompanied by a statement of
material facts as to which the moving party contends there is no genuine issue,
which shall include references to the parts of the record relied on to support the
statement.  **An opposition to such a motion shall be accompanied by a
separate concise statement of genuine issues setting forth all material facts as
to which it is contended there exist a genuine issue necessary to be litigated,
which shall include references to the parts of the record relied on to support
the statement** . . .   In determining a motion for summary judgment, the court may
assume that facts identified by the moving party in its statement of material facts
are admitted, unless such a fact is controverted in the statement of genuine issues
filed in opposition to the motion.

(Emphasis added).   "If the party opposing the motion fails to comply with this local rule, then

1

'the district court is under no obligation to sift through the record' and should instead . . . deem as admitted the moving party's Rule [7.1(h)] statement." *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Plaintiff has failed to file a statement of genuine issues as required by the Local Rule and Fed. R. Civ. P. 56. Defendant has filed a statement of material facts as to which there is no genuine issue, which is supported by citations to affidavits, depositions and documentary evidence.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party **may not rest upon the mere allegations or denials of the adverse party's pleading, but** the adverse party's response, by affidavits or as otherwise provided in this rule, **must set forth specific facts showing that there is a genuine issue for trial.**

Fed. R. Civ. P. 56(e)(emphasis added). At pages 3-5 of his Opposition, plaintiff has submitted a section titled "II. Statement of Material Facts Upon Which There is a Genuine Issue." However, plaintiff's statement of genuine issues does not dispute any of the **facts** in defendant's Statement of Material Facts and does not offer citations to evidence in the record which contradicts or disputes the facts in defendant's statement of material facts. The eight sentences in plaintiff's statement of genuine issues are merely conclusory allegations, which are entirely insufficient to raise a genuine issue of material fact. *See Colbert v. Chao*, 2001 WL 710114, *8 (D.D.C.) *citing Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996)(Statement which is "replete with factual allegations not material to [plaintiff's] substantive claims, and blends factual assertions with legal [and general] argument. . . ." does not satisfy the purposes of a Rule 71(h) statement.). *See Benn v. Unisys Corp*., 176 F.R.D. 2 (D.D.C.1997)

Once a moving party fulfills its obligations pursuant to 56(c), the onus is on the

2

> non-moving party to respond with "specific facts" to establish a genuine issue for trial. *Celotex*, 477 U.S. at 324. . . .  Subsection (e) of Rule 56 sets forth the extent to and means by which the non-moving party shall make the necessary evidentiary showing in order to survive a properly supported motion for summary judgment. . . .
>
> * * *
>
> Finally, Benn has produced literally absolutely no evidence--only allegations--in support of his opposition to the summary judgment motion. *See Farrell v. Potomac Electric Power Co.*, 616 F.Supp. 995, 1000 (D.D.C.1985)("All the plaintiff has done is to make additional allegations, but as Rule 56(e) clearly provides, such allegations are not enough and do not raise a factual issue."). * * * Benn must "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324 . . .(quoting Fed.R.Civ. P. 56(e)).

*Benn v. Unisys Corp.*, 176 F.R.D.at 4 -5.   Plaintiff has not designated any specific facts showing that there is a genuine issue for trial.  Therefore the material facts submitted by defendant should be deemed to be admitted.

## B. Conceded Arguments

It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded."  *Hopkins v. Women's Div., General Bd. Of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (*citing FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *see also* Local Rule LCvR 7(b); *Bancouldt v. McNamara*, 227 F.Supp.2d 144, 149 (D.D.C. 2002)("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted); *Bramwell v. Blakey,*  2006 WL 1442655, *8 (D.D.C. 2006)("The FAA contended in its motion for summary judgment that it did provide job training, job coaching, and "single tasked" or "structured" assignments, and that

in some instances it offered such services but Ms. Bramwell declined to accept them. Ms. Bramwell did not address this issue in her response to the motion for summary judgment.* * * Thus, the Court treats this issue as conceded"); *Hornbeck Offshore Transp., LLC v. U.S. Coast Guard,* 2006 WL 696053, *23 (D.D.C.2006*)*("While Plaintiff states that it has not waived its appeal with regard to FOIA Exemption 6 in its "Opposition to Defendants' Statement of Material Facts Not in Dispute . . .it fails to address the Agency's specific arguments as to Exemption 6 in its actual Cross-Motion for Summary Judgment and Opposition. Moreover, Plaintiff never explains in any filing why the redaction of the names of junior Coast Guard personnel. . .was improper. Plaintiff never justifies its objection. Accordingly, the Court construes Plaintiff's failure to respond as a concession that the Agency's arguments on this issue are meritorious; as such, the Court grants Defendant's Motion for Summary Judgment with respect to its FOIA Exemption 6 withholdings."); *Hooker-Robinson v. Rice,* 2006 WL 508343, *3 (D.D.C. 2006)("Because the plaintiff only addressed some of the defendant's challenges in her response, the Court will consider those challenges not addressed by the plaintiff in her response as conceded."); *Matta v. Snow*, 2005 WL 3454334, *23 (D.D.C. 2005)("Accordingly, the Court shall grant Defendant's Motion for Summary Judgment as it applies to Plaintiff's "participation claim," as Plaintiff has failed to cite to any material fact supporting his allegation and has failed to respond to the arguments made in Defendant's Motion for Summary Judgment").

Defendant Short has failed to dispute or address most of the specific arguments made by defendant in its motion for summary judgment and has failed to offer evidence which creates any genuine issue of material fact. The arguments which plaintiff has failed to dispute, and thus has conceded, include, but are not limited to those discussed below.

4

### 1. Buffalo Deployment

Defendant's motion for summary judgment argued that plaintiff had failed to establish a prima facie case of discrimination because he has failed to show that he was similarly situated to the alleged comparators – the allegedly younger individuals who were deployed to Buffalo. *See Wade*, 243 F.3d at 323-324; *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1554 (D.C.Cir.1997). The comparators were on the day shift and plaintiff was not. All of the individuals who were deployed were on the day shift and at work when the urgent request for volunteers was made. Plaintiff was on another shift and was not at work when the request for volunteers was made. No other officers not on the day shift were deployed. The defendant made a business decision to select for deployment the volunteers who were immediately available, hoping to get them on a plane by 4pm that day. SJM at p. 19-21. Plaintiff has not disputed that he was not similarly situated to the comparators, nor has he submitted any evidence disputing the circumstances under which the emergency request was made. Thus, plaintiff has conceded these facts.

### 2. New Retaliation Allegation

The plaintiff alleged that his nonselection for the Buffalo deployment and other alleged actions were acts of retaliation due his having made a complaint in 2001 to his supervisor that Lt. Thomas had "sexually harassed" him. Defendant argued that plaintiff could establish no causal connection between this alleged protected activity and alleged acts of retaliation because the alleged complaint was never disclosed to Lt. Thomas, and because it was not in close temporal proximity to any alleged acts of retaliation. SJM at p. 21-22. Plaintiff did not address or dispute this argument and thus has conceded it.

### 3. Records of Infraction and Notice of Proposed Suspension

Plaintiff did not address defendant's argument that he had failed to establish a prima facie case, because the records of infraction and notice of proposed suspension were neither material employment actions nor materially adverse actions. SJM at p. 22-23.

### 4. Thirty Day Suspension

Plaintiff does not dispute that he cannot establish a prima facie case of age discrimination concerning the thirty day suspension because he was not similarly situated to the alleged younger comparators. See SJM at p. 23. Rather, plaintiff asserts that defendant's argument "misses the point. Defendant only imposed the punishment as a form of reprisal." Opposition at p. 12. However, as is noted above, plaintiff has conceded that there can be no causal relationship to his alleged protected act of reporting sexual harassment because the alleged report was not disclosed to Lt. Thomas and because of the lack of temporal proximity to Lt. Thomas's recommendation that plaintiff be suspended.

The only other alleged acts of protected activity were plaintiff's filing of the EEO complaints in question in this case. The first contact was on September 19, 2002, when plaintiff initiated an informal complaint with the Equal Employment Opportunity Office (EEO) of the General Services Administration (GSA). ROI-2 at Ex 3A, EEO Initial Complaint Contact/Interview Worksheet. By letter dated August 29, 2002 from FPS Deputy Director Dean Hunter, plaintiff was given notice of a proposal to suspend him for 30 days. ROI-2 at Ex. 41, August 29, 2002 ltr. The letter was given to plaintiff on August 29, 2002, by Captain Webb Mitchell. Mitchell Dec. at ¶ 2. Thus, plaintiff first contacted the EEO, after the notice of proposed suspension was issued to him.

6

Therefore, plaintiff has not provided evidence of a causal connection between Lt. Thomas's recommendation that he be suspended, the notice of suspension, and protected activity.

Plaintiff also has not addressed or rebutted defendant's legitimate non-discriminatory reason for his suspension, which was, inter alia, that plaintiff failed to respond to the notice of proposed suspension and to rebut the allegations in it.

> Thus, the legitimate non-discriminatory reason for defendant's actions, is that, as is reflected in his letter, the Director suspended plaintiff based on the information submitted to him concerning the Records of Infraction. The misconduct reported up the chain of command was not refuted by plaintiff at the Record of Infraction stage nor in any reply to the Director to the Notice of proposed suspension, since plaintiff failed to reply to the Notice. The misconduct described clearly fit within the misconduct reflected in the penalty chart.

SJM at p. 27. Instead of addressing defendant's legitimate non-discriminatory reason, plaintiff attempts to revisit the events that occurred at the Reagan Building. Opposition at p. 11-12.

### 5. AWOL

Plaintiff failed to address or rebut defendant's argument that

> Initial contact in this case was made on September 19, 2002. ROI-2 at Ex 3A. Forty-five days before September 19 is August 15, 2002. Since plaintiff received his notice of infraction on July 18, 2002, plaintiff's contact with the EEO counselor concerning the AWOL charges was untimely, and his claims of age, race, sex and retaliation discrimination are barred.

SJM at p. 29. Thus plaintiff has conceded that his AWOL claim is barred. Plaintiff also failed to address or rebut defendant's other specific arguments: 1) that plaintiff failed to establish an essential element of a claim of age discrimination concerning being placed on AWOL, and 2) defendant's legitimate non-discriminatory for putting plaintiff on AWOL. SJM at p. 29.

### 6. Alleged Continuous Retaliation and Harassment from November 21, 2002, Through January 1, 2003, Regarding Weapon, Work Assignments, Vehicle, Denial of Leave, and Missing Supplies

Plaintiff did not address and thus has conceded that in this group of allegations, "The only discrete act of alleged retaliation for which plaintiff made timely contact with the EEO was number 10: December 28, 2002 plaintiff learned that his leave request for January 1, 2003 was denied, but that his request for December 31, 2002 was approved." SJM at p. 30. He similarly has conceded that not granting his leave request for the one day was not a materially adverse action. *See Id.*

### 7. Kentucky Derby Deployment

Plaintiff has offered no evidence rebutting defendant's legitimate non-discriminatory reason for not selecting him for the Kentucky Derby, nor has he addressed or rebutted defendant's argument that there is no causal relation between the actions of Lt. Sampson and protected activity, because plaintiff's earlier complaints were not based on actions taken or decisions made by Lt. Sampson, who made the selections for the Kentucky Derby. SJM at p. 36.

### 8. Complaint 2 (ROI-14): Temporary Acting Sergeant Position

Plaintiff has addressed defendant's arguments concerning the temporary acting position, but only by general denials and conclusionary allegations. Plaintiff has offered no evidence to rebut the specific arguments made by defendant. The arguments and facts which plaintiff has failed to rebut include the following:

•    Plaintiff and Lt. Tally were not similarly situated when she was promoted because she was on the Homeland Security detail and he was not.

•    The legitimate non-discriminatory reason for defendant's actions was Mr. Moses's belief

8

that an incentive such as temporary promotions would boost morale and help retain

officers at Homeland Security.

- Plaintiff  cannot establish a prima facie case of age discrimination as to the alleged

  promotions of officers Jackson and Williams because there is not a significant difference

  between their ages and his.  Since plaintiff was born in 1943, the difference in ages was 2

  - 4 years less than plaintiff's.

- Plaintiff also was not similarly situated to Officers Jackson and Williams.   Plaintiff's

  shift was supervised by Captain Mitchell.  Mitchell Dec. at ¶ 1.  Officers Jackson and

  Williams  were not on Captain Mitchell's shift and were not supervised by him.  *Id*. at ¶

  7.

- Captain Mitchell did not request that plaintiff be placed in an 120-day supervisory detail,

  because he could not have justified asking to put any corporal on such a detail since he

  had sufficient staffing by the supervisors on the shift.   *Id*. at ¶ 6.

- Concerning selection for the Homeland Security detail, plaintiff was not similarly situated

  to Lt. Talley because he had a disciplinary record and she did not.   Officers with

  disciplinary problems were not eligible for the detail to Homeland Security.  ROI-14 at

  Ex 5C, Hallman Aff ¶2 and at Ex.  5B, Moses Aff ¶5.

- Plaintiff was paid more than Officer Talley during the 120 days in question.

- Officer Talley worked  full-time as a supervisor during the 120 day temporary promotion

  period.  Hallman Dec. at ¶ 3.  The ROI reflects only two days during the same 120 day

  period during which plaintiff was acting sergeant -- May 18 and May 19, 2003,  ROI-14

  at Ex11.

9

SJM at p. 36-41.

### 9. Constructive Discharge, Hostile Work Environment

Defendant's summary judgment motion argued that "The last allegedly discriminatory/retaliatory act plaintiff complained of was the April 30, 2003 failure to contact plaintiff concerning the deployment to the Kentucky Derby. ROI-2 at Ex 5B, Short July 29, 2003 Affidavit. Plaintiff's resignation in February 2005, over two years after the last alleged act of discrimination or retaliation, was not done within a "reasonable time." Plaintiff did not address or rebut this argument. Nor did plaintiff deny that he never contacted the EEO concerning his claim of constructive discharge.

Plaintiff has offered no evidence showing any aggravating factors to support a constructive discharge nor has he established a hostile work environment.

## Conclusion

Therefore, defendant's motion for summary judgment should be granted.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970