THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE A. SHORT,                          :
                                          :
              Plaintiff,                  :      Civil Action No.:    05-1034 (RMU)
                                          :
              v.                          :      Document No.:        8
                                          :
MICHAEL CHERTOFF,                         :
In his official capacity as Secretary of the   :
U.S. Department of Homeland Security,     :
                                          :
              Defendant.                  :

MEMORANDUM OPINION

GRANTING IN PART AND DENYING IN PART
THE DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

I. INTRODUCTION

George Short, a former employee of the U.S. Department of Homeland Security, ("the

plaintiff") brings suit for employment discrimination against Michael Chertoff ("the defendant")

in his official capacity as Secretary thereof.  Before the court is the defendant's motion for

dismissal of two of the four counts in the complaint.  Specifically, the defendant argues that the

court lacks subject-matter jurisdiction to entertain Count 3 claiming a violation of the Equal Pay

Act, 29 U.S.C. § 206(d), ("EPA") because the plaintiff seeks damages exceeding $10,000.  The

defendant also challenges Count 4 claiming constructive discharge, because the plaintiff did not

first contact the Equal Employment Opportunity Commission ("EEOC") to exhaust his

administrative remedies.  The plaintiff responds that Count 3 should survive because he seeks

damages under $10,000, and that Count 4 should survive because the constructive discharge

claim arises out of the same misconduct alleged in the plaintiff's prior EEOC complaints.

Because the salary differential between the plaintiff and the individual promoted above would

not result in back-pay damages exceeding $10,000, the court declines to dismiss Count 3 at this time.  Because the plaintiff's failure to contact EEOC is unexcused, the court dismisses Count 4.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff is a black male over the age of forty who formerly worked for the U.S. Department of Homeland Security ("the Department"), which he claims discriminated against him on the basis of his race, sex and age, and imposed conditions on his employment resulting in his constructive discharge via a premature voluntary retirement.  Compl. ¶ 1.  In Count 1 of his complaint charging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, the plaintiff alleges that he performed the duties of a sergeant without commensurate pay from 1995 until his discharge on February 25, 2005, and that on February 13, 2003 he learned that the Department temporarily promoted a younger, less qualified female corporal to sergeant without first opening the position to competition.  *Id.* ¶ 8; Pl.'s Opp'n to Def.'s Mot. for Partial Dismiss ("Pl.'s Opp'n") at 2.  Count 2 reiterates this allegation of unfair promotion under the rubric of an age discrimination claim governed by the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq.*  Compl. ¶¶ 9-11.  Count 3 phrases the allegation as gender discrimination violating the EPA, for which the plaintiff seeks $500,000 in damages.  *Id.* ¶¶ 12-15.  Count 4 levels an allegation of constructive discharge.[1]  *Id.* ¶¶ 16-18.  The complaint concludes with a prayer for damages for "back pay, future pay, interest and all damages the

---

[1]     Here, as in his prayer for damages in Count 3, the plaintiff offers unreliable representations.  In his complaint, he identifies the date of discharge as February 3, 2005.  Compl. ¶ 17.  In his opposition, however, he confirms the date related by the defendant of February 25, 2005.  Pl.'s Opp'n to Def.'s Mot. for Partial Dismissal ("Pl.'s Opp'n") at 2.

2

plaintiff is entitled to."  *Id.* ¶ 21.

### III.    ANALYSIS

#### A.    Legal Standard for Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The level of scrutiny with which the court examines the allegations in the complaint that support a finding of jurisdiction, however, depends upon whether the motion to dismiss asserts a

facial or factual challenge to the court's jurisdiction. *See I.T. Consultants v. Pakistan*, 351 F.3d 1184, 1188 (D.C. Cir. 2003). Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, "attack[ ] the factual allegations of the complaint that are contained on the face of the complaint." *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal quotation marks and citation omitted). "If a defendant mounts a 'facial' challenge to the legal sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party." *Erby v. United States*, 424 F. Supp. 2d 180, 181 (D.D.C. 2006); *see also I.T. Consultants*, 351 F.3d at 1188. The court may look beyond the allegations contained in the complaint to decide a facial challenge, "as long as it still accepts the factual allegations in the complaint as true." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).

Factual challenges, by contrast, are "addressed to the underlying facts contained in the complaint." *Al-Owhali*, 279 F. Supp. 2d at 20. Where a defendant disputes the factual allegations in the complaint that form the basis for a court's subject-matter jurisdiction, "the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant." *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000). Instead, a court deciding a Rule 12(b)(1) motion asserting a factual challenge "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss." *Id.* In such situations, "the plaintiff's jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Erby*, 424 F.

4

Supp. 2d at 181 (internal quotations omitted); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1976) (holding that a court ruling on a factual challenge to its jurisdiction is not required to accept the plaintiff's factual allegations as true but, rather, "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case . . . and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims").

### B. The Court Has Subject-Matter Jurisdiction Over Count 3

The defendant moves to dismiss the plaintiff's EPA claim for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Def.'s Mot. for Partial Dismissal at 1. Arguing on statute of limitations grounds, the defendant syllogizes that: (1) a two-year limitations period exists for EPA claims; (2) the claim accrued on February 12, 2003 when the plaintiff discovered the discriminatory promotion of his colleague; and (3) the plaintiff filed his complaint on May 20, 2005; therefore, the plaintiff's EPA claim is void, having expired on February 12, 2005. Def.'s Mot. for Partial Dismissal at 2.

But the defendant's first two premises are flawed. As for the first, as the plaintiff points out, a three-year limitation period governs EPA claims in which, as here, the plaintiff alleges a "willful violation." Pl.'s Opp'n at 3; 29 U.S.C. § 255(a). As for the second, because an EPA claim accrues anew with each paycheck and the defendant received paychecks until his termination in February of 2005, his complaint (filed in May of 2005) falls well within the statute of limitations. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 127 S.Ct. 2162, 2186 (2007) (Ginsburg, J. dissenting) (noting that the majority's opinion recognizes that under the EPA "a claim charging denial of equal pay accrues anew with each paycheck").

5

Apparently prepared for such a setback, the defendant argues in the alternative that the EPA claim fails because the damages it seeks, $500,000, exceed the jurisdictional limit, $10,000. Def.'s Mot. for Partial Dismissal at 1-2. In his complaint, the plaintiff does claim $500,000 in damages under the EPA. Compl. ¶¶ 12-15. In his opposition, however, the plaintiff backtracks significantly, clarifying that he "believe[s]" the employee advanced above him "made an additional $2,500.00 per year in salary [more] than [he] did." Pl.'s Opp'n, Aff. of Pl. ¶ 4. Thus, the plaintiff estimates EPA damages of "less than" $10,000. *Id.*

The EPA prohibits employers from paying lower wages to employees of one sex for jobs requiring equivalent skill, effort and responsibility. 29 U.S.C. § 206(d). All EPA claims brought in district court must satisfy the jurisdictional requirements of 28 U.S.C. §§ 1491 (the "Tucker Act") and 1346(a)(2) (the "Little Tucker Act"). *Doe v. Dep't of Justice*, 753 F.2d 1092, 1101 (D.C. Cir. 1985); *Weber v. Hurtgen*, 297 F. Supp. 2d 58, 62 (D.D.C. 2003). The Little Tucker Act confers concurrent jurisdiction in a federal district court and the Court of Federal Claims for non-tort civil actions against the United States for amounts not exceeding $10,000. 28 U.S.C. § 1346(a)(2). For claims exceeding $10,000, however, jurisdiction lies exclusively with the Court of Federal Claims. *Id.* at § 1491.

The court is unpersuaded that the plaintiff's EPA claim seeks more than $10,000 in damages through compensatory back pay. In his pending motion for summary judgment, the defendant cites the relevant parties' respective employment forms to show that the temporary appointment of which the plaintiff complains lasted for only 120 days and carried an annual salary of $61,443, a figure falling several thousand dollars short of the plaintiff's own annual salary of $64,832. *See* Def.'s Mot. for Summ. J., Statement of Material Facts ¶¶ 21-23. This

6

would appear to indicate that the defendant incurred no damages at all.  *Cf. Doe*, 753 F.2d at 1101 (inferring that the plaintiff sought more than $10,000 in back pay because she was a GS-14 attorney earning approximately $45,000 each year and seeking back pay for more than two years of unemployment after discharge); *Schrader v. Tomlinson*, 311 F. Supp. 2d 21, 25 (D.D.C. 2004) (inferring that the plaintiff's claim for back pay from 1997 through 2004 exceeded $10,000 because the annual difference between the plaintiff's GS-12 salary and her male comparator's GS-13 salary was approximately $10,000).  Whether an EPA claim can survive under these circumstances is a vital question, but not one before the court in the instant motion.  Because the court cannot conclude that an EPA claim exists for damages in excess of $10,000, it denies the defendant's motion to dismiss this claim.

### C.  The Court Dismisses Count 4 Because the Plaintiff Failed to File an EEOC Complaint Alleging Constructive Discharge

A plaintiff must seek EEOC counseling within 45 days of the date of the alleged discrimination to try to informally resolve a grievance.  29 C.F.R. § 1614.105.  Examination of a claim that does not abide by this convention "need not detain [the court] long"; the claim may be summarily dismissed.  *Patterson v. Johnson*, 2007 WL 3145350, at *2 (D.C. Cir. Oct. 30, 2007); *Broderick v. Donaldson*, 437 F.3d 1226, 1232 (D.C. Cir. 2006); *Stewart v. Ashcroft*, 352 F.3d 422, 426 (D.C. Cir. 2003).  But, the time period may be extended "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, [or] that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits[.]" 29 C.F.R. § 1614.105(a)(2).

In addition, some courts have also recognized "that claims that were not asserted before the EEOC may be pursued in a subsequent federal court action if they are reasonably related to those that were filed with the agency." *E.g.*, *Tisdale v. Fed. Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam) (internal quotation marks omitted); *Equal Employment Opportunity Comm'n v. Gen. Elec. Co.*, 532 F.2d 359, 364-65 (4th Cir. 1976). "Reasonably related conduct is that which would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 177 (2d Cir. 2005) (internal quotations omitted). For example, a complaint of race discrimination "could reasonably be expected to inquire into other instances of alleged [race discrimination] by the same actor." *Rose v. New York City Bd. of Educ.*, 257 F.3d 156, 163 (2d Cir. 2001).

The defendant argues that because the plaintiff did not contact the EEOC within 45 days of his alleged constructive discharge, he failed to exhaust administrative remedies for this claim. Def.'s Mot. for Partial Dismissal at 3. The plaintiff responds that because the constructive discharge claim "would naturally have arisen from an investigation of the [prior] administrative complaint," it was unnecessary for him to file another EEOC complaint to challenge his termination of employment. Pl.'s Opp'n at 2.

The plaintiff does not attribute his failure to contact the EEOC to ignorance or hindrance. And his excuse that the constructive discharge claim naturally arises from the prior complaints "is not relevant to whether plaintiff timely contacted a Counselor." *See Robinson v. Chao*, 403 F. Supp. 2d 24, 30 (D.D.C. 2005) (dismissing the plaintiff's argument that "defendant's discriminatory acts were not single episodes . . . . [but were] continuous"). The plaintiff was

terminated from employment after the EEOC concluded its investigation and had already denied the plaintiff's complaints. Pl.'s Opp'n at 2. The timing of events, thus, forestalls the conclusion that the constructive discharge claim could reasonably be expected to grow out of the initial complaint. *See Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675 (7th Cir. 2005); *Pyne v. District of Columbia*, 298 F. Supp. 2d 7 (D.D.C. 2002). Nor are the subject matters of the EEOC complaints[2] and constructive discharge interrelated. *See Rose*, 257 F.3d at 163 (holding that EEOC charge of racial discrimination was related to subsequent racial discrimination claims); *cf. Killian v. Kinzer*, 716 A.2d 1071 (Md. App. 1998) (holding that an EEOC charge of retaliation was not related to a subsequent Title VII sexual harassment claim). A court liberally construes a complaint because often plaintiffs claiming employment discrimination "are unschooled in the technicalities of the law and proceed without counsel." Ang, 932 F.2d at 546. Because neither that rationale nor any other applies here for excusing the plaintiff's noncompliance, the court is obliged to dismiss Count 4 for failure to exhaust remedies.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendant's motion for partial dismissal. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 26th day of November, 2007.

RICARDO M. URBINA
United States District Judge

---

[2]    The plaintiff's first EEOC complaint alleges discrimination based on race and age regarding his non-selection for an assignment in Buffalo, NY and various disciplinary measures taken against him for workplace infractions. Def.'s Mot. for Summ. J. at 1-2. The second EEOC complaint concerns the temporary promotion of the plaintiff's work colleague.